**UNITED STATES of America, Plaintiff,**

v.

**Cynthia Jean COLLIER, aka Cynthia Jean Harper, aka Cynthia J. Collier, aka Cynthia Collier, Defendant.**

**In the Matter of Cynthia Jean COLLIER, aka Cynthia Jean Harper, aka Cynthia J. Collier, aka Cynthia Collier, Debtor.**

Bankruptcy No. 3–79–01753.
Adv. No. 3–80–0336.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Feb. 6, 1981.

Donetta D. Wiethe, Asst. U. S. Atty., Dayton, Ohio, for plaintiff.

Ray A. Cox, Dayton, Ohio, for defendant.

John T. Ducker, Dayton, Ohio, Trustee.

DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court for disposition of the plaintiff's motion for summary judgment. The plaintiff, the United States of America, filed its complaint on June 24, 1980, to determine the dischargeability of its claim against the defendant, Cynthia Jean Collier. By answer dated July 10, 1980, the defendant alleged two defenses. First, she alleged the plaintiff's complaint failed to state a claim upon which relief could be granted; second, she admitted the Court's jurisdiction but made a general denial of each and every other allegation of the complaint. At a pretrial conference with the parties on August 11, 1980, the defendant professed a number of affirmative defenses to the complaint, one of which is the "undue hardship" defense provided in 11 U.S.C. § 523(a)(8)(B). Also, the parties determined to submit the case to the Court on motion for summary judgment. The plaintiff was given forty-five days to submit its motion and memorandum and the defendant was given thirty days thereafter to submit a memorandum contra the plaintiff's motion. The plaintiff filed the motion and supporting memorandum on September 26, 1980. On November 12, 1980, the defendant's counsel moved the Court for an extension of time in which to file the defendant's memorandum contra stating the reason to be that he was involved in a one-week trial in a state court. The Court granted an extension through November 25, 1980. Thereafter defendant's counsel requested numerous extensions of time for filing the memorandum because of his "heavy trial schedule", which were granted because of the manner the issues were to be submitted. The last of three extensions expired January 12, 1981. On or about January 9, 1981, a secretary for the defendant's counsel telephoned the Court to advise that no memorandum contra would be forthcoming and that the Court should decide the motion on the record as it then stood. Thus, the following decision is based upon the pleadings, plaintiff's memorandum, and the information in the parties' Joint Pretrial Order dated August 8, 1980.

The parties' Joint Pretrial Order states the following facts as true according to admissions in the pleadings and stipulations of counsel:

(1) The United States of America, by valid assignment from the Citizens Fidelity Bank and Trust Company, is the holder of five promissory notes executed by the Defendant, Cynthia J. Collier, as "maker".

(2) Those notes are identified as follows:

(a) a note dated August 15, 1974 in the principal amount of $1,300.00

(b) a note dated June 10, 1975 in the principal amount of $500.00

(c) a note dated August 1, 1975 in the principal amount of $1,500.00

(d) a note dated May 18, 1976 in the principal amount of $500.00

(e) and a note dated August 15, 1976 in the principal amount of $1,200.00.

(3) The United States of America insured these notes.

(4) Cynthia Jean Collier is unmarried and does not have any dependents.

In addition to the stipulated facts of the Pretrial Order, the plaintiff also submitted an affidavit with supporting documents with its motion. We find that the affidavit contains information which would be admissible at trial; therefore, we shall rely on the declarations of the affiant. See Federal Rule of Civil Procedure 56(e).

As stated above, at the pretrial conference, the defendant posited the following defenses to the complaint:

(1) The defendant's former husband, Maurice Collier, was wrongfully relieved of liability as a co-signator on the subject notes;

(2) The proceeds of the notes were not used for educational purposes;

(3) It is unconstitutional to distinguish between the United States and com-

mercial creditors in terms of dischargeability of debts;

(4) 11 U.S.C. § 523(a)(8) is not retroactive; and

(5) The debtor would suffer undue hardship if not relieved from these obligations.

These defenses give rise to several complicated issues clearly to delineate exactly what the defendant wishes to prove to the Court. Because the defendant has failed to submit a memorandum contra to the plaintiff's motion or to proffer any evidence by way of affidavits, documents, depositions, or any other type of support for her allegations, we find it impossible to give the defendant's allegations serious consideration. Federal Rule of Civil Procedure 56(e) states in pertinent part that "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

We must determine if summary judgment is appropriate. According to the terms of the statute under which the Plaintiff brought this action, a discharge under section 727 of Title 11 does not discharge a debtor from any debt to a governmental unit for an educational loan, unless the loan first became due before five years before the petition was filed, or the debtor will suffer undue hardship if the debt is not discharged. The stipulations in the pretrial order alone established that the subject claim is one of a governmental unit. The defendant raised the defense that the loan was not used for her education, therefore, it is not an educational loan.[1] However, there is absolutely no evidence to support this allegation. On the contrary, the plaintiff's evidence establish that the loan was in fact for educational purposes. There is no evidence that the loan became due before five years before the defendant filed her petition. The evidence is explicit that the loans did not become due until 1977 and the debtor filed her petition in 1980. The defendant claims she will suffer undue hardship if required to repay these loans. There is no evidence to support her claim. Rather, the record contains evidence that the defendant has no dependents, is unmarried and is employed. We find no evidence whatsoever to indicate that the defendant would suffer any hardship other than the hardship all debtors suffer when required to pay just debts.

Accordingly based upon the evidence which does exist in this record, we find that the plaintiff has established its case against the defendant. We do not believe there is any *genuine* issue as to any material fact. Federal Rule Civil Procedure 56(c).

Even though the oblique issue as to the constitutionality of distinguishing between the United States and commercial creditors in determining the dischargeability of debts is the only legal question remaining, we note that the debtor did not either plead the issue or seriously submit any legal authority for the court's consideration.

Even though this court has never subscribed to the oft expressed wisdom that trial courts should refuse to address the unconstitutionality of statutes in deference to the appellate process, the proposition *instanter* does not bear exhaustive treatment. See *16 Am.Jur.2d, Constitutional Law* § *158*, at page 541, that "... there are holdings which appear to be better reasoned—to the effect that the duty to determine constitutionality rests as much upon courts of the first instance as upon appellate courts." *

---

1. We would note that in her zeal to establish a defense to repayment of this obligation, the defendant appears anxious to admit that she engaged in a fraud upon the United States Government at the time she applied for the subject loan.

* In one reported Ohio case footnoted, a trial judge is quoted, "cautioning the court of general jurisdiction that it should be fearful to consider the possibility of unconstitutionality because of its inferior status is an appeal to slothfulness and carries the implication of a

Although summarily treated, we find such special dispensation for government debts as a part of the warp and woof of all bankruptcy legislation. *"The Worthier Creditors (and a cheer for the King)—Revisited" 53 Am.Bankr.L.J. 389 (Fall, 1979).* Governmental claims for taxes and other debts have historically been classified and granted priority over the claims of other creditors; and various governmental debts such as taxes, have likewise been historically rendered not dischargeable. Equality of treatment has been afforded by the courts only as within the same class.

The debtor has no standing to challenge the constitutionality of which debts are discharged. The right to a discharge is purely statutory, and the Congress may at any time amend, qualify, or remove this statutory right. "The Federal system of bankruptcy is designed ... as a main purpose ... to aid the unfortunate debtor by giving him a fresh start in life, free from debts *of a certain character* ...." [emphasis added]. *Stellwagon v. Clum* (1918) 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507. Loans obtained for educational purposes through governmental guarantees are "debts of a certain character." Hence, the idle claim that the non-dischargeability features does not bear constitutional muster cannot be seriously considered.

*ORDERED, ADJUDGED AND DECREED* that the plaintiff's claim against the defendant is a nondischargeable claim pursuant to 11 U.S.C. § 523(a)(8); and such claim does not fall within the exceptions to nondischargeability as set forth in 11 U.S.C. § 523(a)(8)(A) or (B).

It is further *ORDERED, ADJUDGED AND DECREED* that the plaintiff is entitled to judgment against the defendant in the amount of $5,371.89, plus interest from the date of judgment.

monopoly of intelligence in the courts of review sometimes not exhibited or justified by their expressions." (This judge was later reversed

by the Ohio Court of Appeals on his ruling of unconstitutionality).