In re Charlotte Ann LOVE, Debtor.

Charlotte Ann LOVE, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Bankruptcy No. 82–00538–A.
Adv. No. 82–0325–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Oct. 17, 1983.

Roy B. Zimmerman, Alexandria, Va., for debtor.

Nash W. Schott, Asst. U.S. Atty., E.D. Va., Alexandria, Va., Pamela Sargent, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

Charlotte Ann Love, the debtor herein, seeks discharge of three government-guaranteed student loans on the basis of undue hardship as provided in Section 523(a)(8)(B) of the Bankruptcy Code.

The United States opposes discharge of the loans on grounds that the debtor does not meet the judicially-developed tests of "undue hardship." At the close of the trial of this matter, the United States proffered to the Court that the government would forego the interest on the loans and defer repayment to a reasonable time in the future when the debtor's children would be self-supporting.

Section 523(a)(8)(B) of the Bankruptcy Code excepts from a debtor's discharge government-guaranteed student loans unless excepting the debt from discharge "will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8)(B).

Evidence adduced at trial established that the debtor attained a bachelor's degree plus substantial credits toward a master's degree using the proceeds of the loans in question. The debtor testified that she suffers from arthritis and extreme sensitivity to perceived stress as a result of an old head injury. She testified that these health problems make it difficult for her to keep employment. At the time of the trial, however, she had been steadily employed for three months.

The evidence further established that in 1980 the debtor had earned approximately $10,000.00 and in 1981 approximately $7,000.00. Child support payments in each of those years, however, had raised her actual income to approximately $20,000.00. The debtor stated that she believed no payments were due during this period on the largest of the three loans. She admitted, however, that she had made few, if any, payments on any of the loans. The loans at issue total approximately $9,000.00 and represent approximately twenty-five per cent of Ms. Love's total indebtedness.

In late 1981, the debtor lost her alimony income due to a state court's imposition upon her of the costs of litigation against her former husband. At the time of the trial here, the former husband had failed to make certain court-ordered child support payments. However, the debtor defendant had failed to protest this voluntary action by the husband in state court.

The debtor's monthly expenses, exclusive of car repairs, consume all but about $30.00 of her take home pay of $638.00. She lives in a subsidized townhouse for which she pays $50.00 in rent. Her monthly expenses, as presented to the Court, make no provision for clothing or luxuries. The debtor's children, who both attend college, are receiving educational grants with no obligation to repay said grants.

The many courts that have considered the meaning of "undue hardship" generally have concluded that a finding of "undue hardship" requires the presence of "unique" or "extraordinary" circumstances which would render it unlikely that the debtor ever would be able to honor his

obligations. *Matter of Rappaport,* 16 B.R. 615, 616 (Bkrtcy.D.N.J.1981). "Undue hardship" means more than an "unpleasantness" associated with the repayment of educational debt. *Id.* at 616. Moreover, "undue hardship" is not based upon a present inability to pay but rather upon a " 'certainty of hopelessness' that future payments cannot be made." *In re Lezer,* 21 B.R. 783, 789 (Bkrtcy.N.D.N.Y.1982) *quoting In re Briscoe,* 16 B.R. 128, 131 (Bkrtcy.S.D.N.Y.1981).

■ The debtor here consistently has demonstrated an ability to obtain employment, although perhaps not at a level commensurate with her education. She admitted at the trial that much of the stress which caused her to lose employment resulted from the litigation with her former husband, litigation which the debtor herself initiated and maintained.

Accordingly, the Court cannot find that the debtor's circumstances are hopeless. She is no longer in active litigation with her ex-husband, so that a major source of stress is removed. It has been the debtor's choice to refrain from seeking to enforce child support obligations against her former husband. The debtor's obligation to provide support for her children will terminate within three years, thereby reducing her living expenses. For its part, the United States has recognized the difficulty of the debtor's present circumstances by offering to forego interest and defer repayment.

Accordingly, for all the foregoing reasons, the Court concludes that the debtor is not entitled to a discharge of the three student loans which are the subject of the instant complaint. On the basis of the current hardship facing the debtor and pursuant to the government's proffer, the Court directs that the amount of the debt be limited to the unpaid principal with the commencement of repayment to be deferred until May 1986 or the graduation from college of both of the debtor's children, whichever occurs earlier.

An appropriate Order will enter.