In re John Edward BALLARD, Tamera Lynn Ballard, Debtors.

John Edward BALLARD, et uxor, Plaintiffs,

v.

COMMONWEALTH OF VIRGINIA, ex rel. STATE EDUCATION ASSISTANCE AUTHORITY, Defendant.

Bankruptcy No. 7–86–0038.
Adv. No. 7–86–0038.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

May 8, 1986.

**674**

Bounds, Dorsey & Broadhurst, Roanoke, Va., for debtor/plaintiffs.

J. Brook Spotswood, Asst. Atty. Gen., Richmond, Va., for defendant.

Donald W. Huffman, Roanoke, Va., trustee.

**H. CLYDE PEARSON, Bankruptcy Judge.**

This adversary proceeding came on for hearing to determine the dischargeability of an educational loan pursuant to 11 U.S.C. § 523(a)(8)(B).

Upon hearing before the Court *ore tenus,* the facts appeared as follows. The Debtor, John E. Ballard, obtained two educational loans from the Virginia Education Loan Authority and executed two promissory notes, on October 27, 1979 and April 5, 1981, in the principal amount of $2,500.00 each with 7% interest and attorney's fees for collection. The notes were guaranteed by the State Educational Assistance Authority.

In 1981, the Debtor completed a program of training as a technician in the repair of electronic equipment at the Ohio Institute of Technology. Since 1981, he has attempted to find employment with various local companies where he could utilize his skills, but has been unsuccessful. The Debtor is currently employed as a laborer in a warehouse for a local food services distributor where he has worked with limited interruption since 1981. He currently works a total of forty hours a week, at a rate of $5.25 an hour. The Debtor is married and has a 22 month-old son. His wife is not employed at the present time.

The Debtor introduced into evidence an expense statement indicating a monthly take-home salary of $675.00 and outlining total monthly expenses of $1,148.00, including $250.00 for rent, $430.00 for food, and $129.00 for gasoline. The Debtor testified that employment prospects do not look favorable in his current position in the coming months, which is an off-season. Accordingly, he stated that, as in years past, he filed his tax returns just prior to the filing deadline in order to receive the expected state and federal refunds during his employer's slow season.

The loan repayment agreement executed by the Debtor provided for 107 monthly installment payments of $62.49 commencing in April, 1982 and continuing through March, 1991. The evidence indicated that the Debtor has made approximately six payments on the loan prior to his financial difficulties. The Debtor contends that payment of the remaining balance of the loan will impose an undue hardship and requests that it be held dischargeable pursuant to § 523(a)(8)(B). Counsel for the Commonwealth contends that the circumstances do not rise to the level of undue hardship and has offered to waive interest and attorney's fees in an effort to effectuate an appropriate repayment schedule.

Section 523(a) provides in relevant part:

"A discharge under Section 727, 1141, or 1328(b) of this Title does not discharge an individual debtor from any debt—...

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless ...

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents."

The burden is on the Debtor-Plaintiff to prove that he would suffer an "undue hardship" if the educational loans were found excepted from discharge. *In re Norman,* 25 B.R. 545 (Bankr.S.D. CA 1982). The *Bankruptcy Code* does not define "undue hardship", but the legislative history suggests that undue hardship cases should be determined on a case by case basis. *In re Archie,* 7 B.R. 715, 718 (Bankr.E.D.VA 1980); *In re Washington,* 41 B.R. 211 (Bankr.E.D.VA 1984); *In re Conrad,* 6 B.R. 151 (Bankr.W.D.KY 1980); *In re Wegfehrt,* 10 B.R. 826 (Bankr.N.D. OH 1981).

The courts which have considered the issue have concluded that undue hardship must mean more than an unpleasantness associated with the repayment of a just debt. *In re Rappaport,* 16 B.R. 615 (Bankr.D. NJ 1981); *U.S. v. Collier,* 8 B.R. 909 (Bankr.S.D. OH 1981). Undue hardship is not based on a present inability to pay—*In re White,* 6 B.R. 26 (Bankr.S.D.

NY 1980)—but rather should be based on a "'certainty of hopelessness' that future payments cannot be made". *In re Love,* 33 B.R. 753 (Bankr.E.D. VA 1983); *In re Lezer,* 21 B.R. 783, 789 (Bankr.N.D. NY 1982); *In re Briscoe,* 16 B.R. 128, 131 (Bankr.S.D. NY 1981). *See also In re Brunner,* 46 B.R. 752, 755 (S.D. NY 1985). A finding of undue hardship is reserved for the exceptional case and requires the presence of "unique" or "extraordinary" circumstances which would render it unlikely that the debtor ever would be able to honor his obligations. *In re Love, supra,* at 754; *Rappaport, supra,* at 616; *In re Densmore,* 3 C.B.C.2d 471, 8 B.R. 308 (Bankr. N.D. GA 1980); 63 ALR Fed. 570 § 3. As the Bankruptcy Court noted in *In re Kohn,* 5 B.C.D. 419, 424, 20 C.B.C. 994, 1007 (Bankr.S.D. NY 1979):

> "... mere financial adversity without more will not do. There must be present some unique circumstances to render it less likely, or likely only without extreme difficulty, or unlikely at all that the bankrupt will within the foreseeable future be able to honor his commitment ... Congress meant the extinguishment of student loans to be an available remedy to those seriously disadvantaged economically as a result of unique factors which are so much a part of the bankrupt's life, present and in the foreseeable future, that the expectation of repayment is virtually nonexistent unless by the effort the bankrupt strips himself of all that makes life worth living."

This Court is sympathetic to the Debtor's financial circumstances and the existing state of the job market. Admittedly, the Debtor is currently employed below his educational training and potential earning capacity. However, this fact alone does not evince a certainty of hopelessness sufficient to support a finding of undue hardship. *See, e.g., In re Holzer,* 33 B.R. 627 (Bankr.S.D. NY 1983); *In re Kohn, supra.* Hopefully, the Debtor will be able to obtain desired employment within his chosen field in the near future. The Debtor does not suffer from any physical disabilities which would prevent him from obtaining employment or impair his ability to continue employment and make payments on the educational loans. Moreover, the Debtor testified that he expects state and federal tax refunds in an amount of approximately $900.00. Although a majority of this amount will undoubtedly go toward the living expenses of the Debtor and his family, it is also possible that a portion of the amount could be applied toward reduction of the existing debt. Based on the evidence presented, we conclude that although payment of debt may create a hardship, this case is not appropriate for a finding of undue hardship within the meaning of § 523(a)(8)(B).

Counsel for the Commonwealth has expressed a willingness to work with the Debtor to provide an extended term of repayment. Authority exists which would allow this Court to revise the repayment schedule to lessen the financial burden of monthly payments. *In re MacPherson,* 19 C.B.C. 178 (Bankr.W.D. WI 1978); *In re Littell,* 6 B.R. 85 (Bankr.D. OR 1980); *In re Archie, supra; In re Brown,* 18 B.R. 219 (Bankr.D. KS 1982). Accordingly, it is

### ADJUDGED and ORDERED

that for the reasons expressed herein, the outstanding principal balance on the educational loans to the Debtor is held nondischargeable and to be paid without interest and attorney's fees for collection. It is further

### ORDERED

that, unless the parties agree to a lesser monthly payment schedule, the Debtor commence payments six (6) months from the date of entry of this Order in the amount of $50.00 per month until the principal balance is paid in full.