**In the Matter of Noreen K. MAIOLINI, Debtor.**

**Noreen K. MAIOLINI, Plaintiff,**

**v.**

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Seton Hill College and the United States of America, Defendants.**

**Bankruptcy No. 85–685.**
**Adv. Nos. 85–295, 85–363.**

United States Bankruptcy Court, W.D. Pennsylvania.

June 16, 1986.

Donald J. Snyder, Jr., Greensburg, Pa., for Seton Hill College.

Blane A. Black, Monongahela, Pa., for debtor.

Jane G. Penny, Killian & Gephart, Harrisburg, Pa., for Pennsylvania Higher Educ. Assistance Agency.

Robert H. Slone, Greensburg, Pa., Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before this Court are Complaints To Determine The Dischargeability Of Student Loans owed to Seton Hill College and the Pennsylvania Higher Education Assistance Agency (hereinafter "PHEAA"), pursuant to 11 U.S.C. § 523(a)(8). Based upon the pleadings submitted and the subsequent hearing thereon, we find these debts to be nondischargeable.

The Debtor admits that the 5-year period for automatic discharge is not applicable, and therefore claims that the repayment of these loans will create an "undue hardship" on her ability to obtain a fresh start.

We agree that the 5-year period for automatic discharge has not expired; however, we disagree that the Debtor has met her burden of proving that the repayment of the loans will create an "undue hardship" upon her and/or her dependents.

Factually, it is stipulated that the Debtor received various loans during the course of her educational pursuit. Seton Hill College is presently owed approximately $2,700.00, made available to the Debtor through the National Direct Student Loan ("NDSL") Fund. The Debtor also owes PHEAA approximately $20,000.00, on loans given through Carnegie-Mellon University and the Catholic University of America.

The Debtor is a single, thirty-one (31) year old female, with no dependents. She presently lives in her parents' home. She attended Seton Hill College from 1973 to 1977, and received a Bachelor's Degree in Music Performance. Thereafter, she attended Carnegie-Mellon University and Catholic University of America, from which she obtained a Master's Degree in Drama and Music in 1983.

Her graduate-level education was interrupted once, in 1982, when she obtained a nine (9) month contract as an actress. She has since had sporadic jobs, working as a waitress, bartender, receptionist, and clothing plant worker.

The Debtor testified that the sporadic nature of her past employment was by her own choice, as she pursued her acting career. Said acting career was temporarily curtailed by a broken nose, which required surgery. At the present time, she has been released from her doctor's care, and her health now appears to be good.

The Debtor is currently employed as a waitress, but desires to pursue her acting career in New York. The Debtor testified that she expects to be successful in her area of endeavor and further expects her financial situation to improve over the next ten (10) years, which is the generally accepted repayment period of these loans.

Additionally, the Debtor testified that she used the money she earned from her employment at the clothing plant to take courses in real estate and computers, thereby opening still greater avenues of potential employment.

While we understand that the Debtor wants to pursue the acting career for which she was trained, she cannot do so at the expense of those very people who provided that education and training. The

Debtor possesses many varied skills with which she can support herself while pursuing her career.

As the present bankruptcy will remove her personal liability for any dischargeable debts, and as her present claim of hardship appears to be as much a matter of choice as it does circumstances, we cannot conclude that this Debtor is suffering from the significant difficulties necessary to reach the condition of "undue hardship". We therefore find these debts owed for educational loans to be nondischargeable.

An appropriate Order will be issued.