In re Robert E. MOTOR,
Debtor/Plaintiff,

v.

GREAT AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION,
and University of Pittsburgh,

and

Pennsylvania Higher Education Assistance Agency, Defendants.

Bankruptcy No. 85–2269.
Adv. No. 86–109.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 25, 1986.

Robert C. Hillen, Pittsburgh, Pa., for debtor/plaintiff.

K. Kevin Murphy, Harrisburg, Pa., for Pa. Higher Educ. Assistance Agency.

Andrew C. Hughey, Pittsburgh, Pa., for University of Pittsburgh.

Douglas A. Campbell, Campbell & Levine, Pittsburgh, Pa., Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court is the Debtor/Plaintiff's Complaint to Determine the Dischargeability of his student loan under § 523(a)(8) of the Bankruptcy Code. Specifically, the Debtor alleges that the repayment of this loan will cause the Debtor to suffer an undue hardship, and that it therefore should be found dischargeable.

The Defendants, Pennsylvania Higher Education Assistance Agency ("PHEAA"), as the assignee of Great American Federal Savings and Loan Association, and the University of Pittsburgh, assert that the Debtor is presently able to make lowered monthly payments, and that they would agree to such an arrangement, until the Debtor's circumstances improve. We agree, and find the Debtor's outstanding indebtedness to the Defendants to be nondischargeable.

The Debtor is a thirty-one (31) year old divorced male with no dependents. He received a Bachelor of Arts Degree from the University of Pittsburgh in August of 1979, with concentration in Religious Studies and Speech. He subsequently applied for admittance to graduate school, but was refused. The debt owed to the Defendants as a result of this education is approximately $15,000.00.

The Debtor owns a home valued at $15,000.00, which holds an outstanding indebtedness of $9,000.00, leaving $6,000.00 in equity. Only the Debtor resides in this

home. He also owns a 1974 Mercury automobile, which was a gift from a relative.

After graduation from school, the Debtor was unable to secure steady employment. He eventually obtained a part-time job through a temporary services agency. Thereafter, he took a job with Boeing Services, Inc., during which time he performed the duties of laborer, janitor and clerk. He has also been employed at other part-time labor related jobs. During 1985, the Debtor earned $17,000.00.

The Debtor was laid off in May of 1986, and is presently collecting unemployment compensation of $374.00 every two weeks. The Debtor claims his monthly expenses average between $752.00 and $787.00, including house payments, utilities, insurance, taxes, transportation, food, medicine, house repairs, church contributions and recreation.

The Debtor also claims to be suffering from a chronic illness for which he takes medication, and which he claims causes him to miss work.

In analyzing a request to find "undue hardship" on the part of the Debtor, it is the policy of this Court to examine all of the various circumstances presented for consideration. *See Matter of Craig*, 64 B.R. 854 (Bktcy.W.D.Pa., 1986); *Matter of Maiolini*, 61 B.R. 590 (Bktcy.W.D.Pa.1986).

While the Debtor claims to be inhibited by an illness, his employment record shows that he does have marketable skills, and has been able to find various part-time employment.

The Debtor has significant expenditures associated with the maintenance of his home, including mortgage payments, utilities, and repairs; yet he lives alone. The Debtor could obtain more flexible finances if he either found someone to share the house and expenses as a boarder, or sold the house to recoup his $6,000.00 equity, and became a boarder himself.

Additionally, the Debtor makes monthly contributions to his church, and allows himself sufficient amounts for recreation. While these considerations are both noble and necessary, they cannot work to the detriment of the Defendants.

Most importantly, however, as a result of this educational loan, the Debtor has received a Bachelor of Arts Degree from a highly respectable institution. While the Debtor claims that jobs are very difficult to find, he is in a much better position than the individual who has no degree. The mere possession of a college degree opens many doors of opportunity that would otherwise be slammed shut. To reap the benefits of the degree without shouldering the responsibility, even if it be in some limited capacity, is not acceptable to this Court, unless there exists a uniquely devastating hardship.

The Defendants have agreed to accept significantly reduced monthly payments until the Debtor's financial condition improves. We believe that the Debtor can comply.

An appropriate Order will be issued.