**In re Virginia Louise Sobeck KOBUL-NICKY, Debtor/Plaintiff,**

v.

**PENNSYLVANIA HIGHER EDU-CATION ASSISTANCE AGENCY, Defendant.**

**Bankruptcy No. 86–600.**
**Adv. No. 86–205.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 25, 1986.

**316**

Jane F. Hepting, Neighborhood Legal Services, Butler, Pa., for debtor/plaintiff.

K. Kevin Murphy, Harrisburg, Pa., for PHEAA.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before this Court is the Debtor/Plaintiff's Complaint to Determine the Dischargeability of her student loan obligation. She requests this Court determine that said repayment would cause an undue hardship, and that this debt should be discharged under Section 523(a)(8)(B) of the Bankruptcy Code.

The Defendant, Pennsylvania Higher Education Assistance Agency ("PHEAA"), argues that the Debtor has made no attempts to repay this obligation, and that PHEAA will accept significantly reduced monthly payments until such time as the Debtor's financial position is more secure. Based upon an analysis of all of the facts presented, we agree with PHEAA, and find this loan to be nondischargeable.

The Debtor is divorced and has custody of three children, ages thirteen (13), twelve (12), and eight (8). One of the children is asthmatic and requires certain medication to control the condition.

The Debtor received a General Equivalency Diploma and attended Slippery Rock University for one year, obtaining twelve (12) credits. She is indebted to PHEAA for $1,339.00 as a result of this schooling.

Thereafter, she attended the Butler County Area Vo-Tech and received a certificate qualifying her as a Skilled Nurse's Assistant. The Debtor borrowed the funds for this course from her daughter, and has since repaid this debt.

Upon completion of her certificate program, the Debtor secured a part-time position with the Visiting Nurses Association for which she was paid $4.25 per hour. Just last month the Debtor began working on a full-time basis for Visiting Home Care Services, Inc., and continues to earn $4.25 per hour. The Debtor has also received supplemental public assistance, including medical coverage, and receives sporadic child support payments from her husband.

The Court recognizes that the Debtor is on a very tight budget, and that she does not appear to include extravagances in her allocations. However, certain factors lead us to determine that this debt should not be discharged.

First, the Debtor has just recently begun a full-time position. This is an indication that her financial condition will improve. Additionally, PHEAA has agreed to accept payments of $10.00 per month for one year, with an increase to $15.00 per month thereafter. While the imposition of an additional expense on the monthly budget will require the cutting of some corners, it is difficult for this Court to believe that the Debtor will be unable to arrange for a $10.00 monthly payment.

Furthermore, the Court is cognizant of the fact that the Debtor has repaid her daughter for the funds borrowed to pursue the nursing assistant training. While the Debtor may have felt a moral obligation to repay her daughter, she cannot do so, while still claiming an inability to pay PHEAA. As the Debtor now has the opportunity to repay this loan in minimal monthly installments, she must fulfill this legal and moral obligation as well.

An appropriate Order will be issued.