In re Patrick R. LISANTI, Debtor.

Patrick R. LISANTI, Plaintiff,

v.

PENNSYLVANIA HIGHER EDU-CATION ASSISTANCE AGENCY, Defendant.

Bankruptcy No. 87–0827.
Adv. No. 87–0187.

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 13, 1987.

Bart J. Tyson, Pittsburgh, Pa., for debtor/plaintiff.

K. Kevin Murphy, PHEAA, Harrisburg, Pa., for PHEAA.

Patrick R. Lisanti, Pittsburgh, Pa., debtor/plaintiff.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court is Debtor's Complaint To Determine Dischargeability of a student loan indebtedness to the Penn-

sylvania Higher Education Assistance Agency (hereinafter "PHEAA") pursuant to 11 U.S.C. § 523(a)(8)(B). Based upon the testimony presented and the applicable law, we find that the debt in question is nondischargeable.

Plaintiff/Debtor, Patrick R. Lisanti, filed a voluntary Chapter 7 Bankruptcy Petition on March 27, 1987. Thereafter he filed this Adversary proceeding on May 22, 1987, alleging that repayment of this PHEAA loan, in the amount of $8,366.07, would impose an undue hardship upon him.

Debtor is a 24–year old, single male with no dependents, who presently resides in his parents' home. He received an Associates Degree from the Pittsburgh Institute in Aeronautics in August of 1983, and is an FAA-licensed Airplane and Power Plant Mechanic. Since that time, he has been unable to secure related work experience. Prior to, during, and after completing this Associates Degree, Debtor spent four and one-half (4½) years working part-time as a janitor in a nursing home, and almost seven (7) years part-time and full-time as a printer for a printing company. Debtor states he was laid off from his printer's job because his skill became obsolete. He claims to have sought employment in all fields, including airplane mechanics and printing; however, he was unable to state any particular jobs sought and he did not indicate any effort to seek unskilled employment or to venture out of this general vicinity.

Debtor is now receiving unemployment compensation and if unable to secure employment, will continue to receive same through December of 1987. Of this earning, he pays $100.00 a month as rent to his parents, uses $100.00 a month for recreational purposes, and pays $300.00 per month on two (2) loans: one for his present automobile, and one personal loan used to purchase a car which has since been destroyed in an accident. Debtor has chosen to reaffirm these debts because his parents, as co-signers, are also obligated thereon.

Debtor further testified that upon discharge of this loan, he intends to apply for additional educational loan funds in order to pursue another yet undisclosed area of study.

■ The "undue hardship" language chosen by Congress signifies that the burden of proof thereon is substantial and should not include general difficulty. Undue hardship is not simply financial burden; it is a presumption that debtors who feel obligated to seek bankruptcy protection are financially burdened. The Court must find that the Debtor's income is inadequate to both maintain Debtor at a minimum standard of living and allow repayment of the educational loan. *Matter of Marion*, 61 B.R. 815 (Bankr.W.D.Pa.1986). Furthermore, it must appear that this will be the case throughout the next ten (10) years, which is the basic repayment period. In other words, the hardship suffered must be the result of "truly severe, and even uniquely difficult circumstances." *Matter of Craig*, 64 B.R. 854, 857 (Bankr.W.D.Pa. 1986).

■ In many ways this is exactly the type of case in which an educational loan should *not* be discharged. Debtor is bright, articulate, healthy and responsible only for himself. He has an Associates Degree and at least two technical skills, one of which required no prior schooling. Debtor has yet to make any significant effort to seek employment; indeed, he has been unemployed only three (3) months. Debtor's testimony evidences a less than aggressive employment search, either in his areas of skill or otherwise. Debtor testified he was looking for and would take any job which would make use of his skills—there is no indication that Debtor has sought any unskilled positions, nor has his search taken him beyond the local tri-state area.

Debtor allocates $100.00 per month for recreation, which is substantial for a person having financial difficulties. While some recreation is certainly necessary, the allocation cannot be such that it works substantially to PHEAA's detriment. *In re Motor*, 64 B.R. 317 (Bankr.W.D.Pa. 1986).

Debtor has also reaffirmed two statutorily dischargeable debts because of his moral obligations to his parents as co-signers thereon. By doing so, Debtor prefers two non-priority creditors to the detriment of one given the ultimate priority—retention of indebtedness pursuable against postpetition funds. Debtor cannot fulfill his moral obligation to his parents while claiming inability to perform his legal obligation to PHEAA. *In re Kobulnicky,* 64 B.R. 315 (Bankr.W.D.Pa.1986).

Furthermore, it appears that Debtor does not presently intend to seek full employment. His testimony indicates a desire to return to school, on the expectation of additional loan funds. We find this to be remarkable. As we stated in *Marion, supra,*

PHEAA exists in order to provide worthy individuals with an opportunity to obtain an education which they would otherwise be unable to afford. The idea behind such assistance is to offer the individual a higher standard of living than he or she would be able to obtain without it. If those individuals so assisted do not make remuneration for this service, the funds may not be available to another individual who is equally in need of such assistance. The system is self-perpetuating. If it is made too easy to discharge this obligation, the fund will eventually cease to benefit those who need it most.

61 B.R. at 818.

As Debtor is not suffering any "undue hardship", and as we have come to know PHEAA to be at the very least accommodating in these matters, we believe Debtor can arrange a suitable method of loan repayment.

An appropriate Order will be issued.