In re Albert J. CARTER and Mary Jackson Carter, a/k/a Mary A. Jackson, Debtors.

Albert J. CARTER, Plaintiff,

v.

HIGHER EDUCATION ASSISTANCE FOUNDATION and Pennsylvania Higher Education Assistance Agency, Defendants.

Bankruptcy No. 86–2395.
Adv. No. 87–185.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 13, 1987.

J. Richard Narvin, Pittsburgh, Pa., for debtors/plaintiff.

Eric A. Schaffer, Kenneth W. Gaul, Reed Smith Shaw & McClay, Pittsburgh, Pa., for HEAF.

K. Kevin Murphy, PHEAA, Harrisburg, Pa., for PHEAA.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court is the Debtor's Complaint To Determine Dischargeability of two (2) educational loans, each in the amount of $2,500.00 plus interest and fees; one is guaranteed by the Higher Education Assistance Foundation (hereinafter "HEAF") and the other is guaranteed by the Pennsylvania Higher Education Assistance Agency (hereinafter "PHEAA"). Debtor claims that repayment of these loans presents an "undue hardship" and requests this Court hold same dischargeable pursuant to 11 U.S.C. § 523(a)(8)(B).

Debtor is a 37–year old male, with three children, one of which is dependent and living at home. His wife is a full-time student in computer management, expecting to obtain her Associates Degree in December of 1987. Debtor served four years in the Armed Forces and was trained in the area of security. Thereafter, he attended several vocational schools from which he received diplomas or certificates in auto mechanics. Debtor has held jobs with several companies wherein he worked as an auto mechanic. In 1982 Debtor suffered a back injury, requiring surgery and rehabilitation. Debtor received workers' compensation until June of 1987, at which time an appropriate tribunal determined that the disability no longer existed. Prior thereto, he was released from his doctor's care, requiring only periodic check-ups. Debtor testified that his doctor advised him to seek different employment, so he borrowed additional funds to attend the Institute of Security Technology, from which he received a Certificate qualifying him as a Burglar Alarm Technician. Debtor claims he has actively sought employment of any type, both locally and in other parts of the country. The result has thus far been fruitless; however Debtor testified as to certain prospects in the Baltimore, Maryland area. He claims that his previous back injury has increased his inability to obtain employment because he is unable to perform certain types of work, i.e. those involving excessive lifting or extended periods of standing. Debtor and his wife presently receive public assistance, including medical coverage, and food stamps.

We recognize that Debtor presently lives on an exceedingly tight budget and that Debtor has in fact made efforts in seeking employment. However, certain factors lead us to find that this debt should remain nondischargeable. In analyzing the concept of "undue hardship", we consider that these educational loans are generally repaid over a 10–year period. Based upon same, we find that in order to discharge an educational loan, Debtor must prove not only present inability to pay, but also that his circumstances will not foreseeably improve over the next ten years. *See In re Craig*, 64 B.R. 854 (Bankr.W.D.Pa.1986); *Matter of Marion*, 61 B.R. 815 (Bankr.W. D.Pa.1986).

Debtor's back problems have substantially dissipated, to the point that Debtor has been released from his doctor's care and presently needs only periodic routine check-ups. He has been released from workers' compensation, indicating no further disability. Debtor testified that at the time of the injury, he was unable to move; now he is

able to do repair work on his own car for periods of time. While he may or may not presently be able to work full-time on auto repair, we are convinced that over these next ten years, the restoration of his mobility will continue to allow him to pursue this and other avenues of employment. Additionally, we are unpersuaded that Debtor has exhausted the possible uses of his burglar alarm training. Debtor identified four (4) security companies in Pittsburgh and a trip to Detroit as his effort in procuring employment in this area. We are not convinced that his efforts in this area are completed. Indeed, Debtor indicates that various employment opportunities are presently available in the Baltimore area, and he intends to pursue same.

Finally, Debtor's wife will soon be completing an Associates Degree in Computer Management. As computer technology remains a growing area, we are given no reason to believe that she will be unable to find employment. Over the next ten years, her prospects are quite bright.

Based upon these findings and this Court's experience that these lenders will be flexible in arranging repayments plans, we hold these educational loans to be non-dischargeable.

An appropriate Order will be issued.