**In re Dolores Lyman BEY, Debtor.**

**Dolores Lyman BEY, Plaintiff,**

v.

**DOLLAR SAVINGS BANK, Pennsylvania Higher Education Assistance Agency (PHEAA), Defendants.**

Bankruptcy No. 88–1889.
Adv. No. 88–523.

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 25, 1989.

David J. Greenberg, Rainero, Greenberg & Gross, Pittsburgh, Pa., for debtor/plaintiff.

K. Kevin Murphy, PHEAA, Harrisburg, Pa., for defendants.

Stephen I. Goldring, Pittsburgh, Pa., Asst. U.S. Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before this Court is a Complaint To Determine Dischargeability of a Student Loan pursuant to 11 U.S.C. § 523(a)(8)(B).[1] Based upon the testimony presented and the applicable case law, we find that the debt is not discharged.

The facts in this case are substantially undisputed. Debtor received various loans during the course of her educational pursuit. She attended Allegheny Community College, from which she obtained an Associates Degree in Business Management. Thereafter she attended Carlow College and Point Park College, both full 4–year educational institutions, where she continued to pursue her business management studies. Debtor is not presently continuing her education, and she remains twelve (12) credits short of obtaining a Bachelor's Degree. The total amount presently outstanding on Debtor's student loans is $10,169.65. Due to numerous requests for forbearance in the repayment of this debt, the first payment on same did not become due and owing until August of 1986. Since the debt was originally incurred, PHEAA has received one (1) interest payment of $25.00; same was received during the forbearance period.

Debtor is a 42–year old, divorced female with a 15 year old son. She presently lives in her own home and pays a mortgage which is modest by comparison with average lease payments. Debtor advises she has approximately $8,000.00 equity in said residence. She also owns a 1984 Buick Regal automobile, which she received about six (6) months ago as a gift from her parents.

For the last 2½ years, Debtor has been employed as an accounting clerk. Her income from said position has increased annually, and presently is $13,722.00. She also works on a part-time basis as a telephone solicitor for a fund raising organization, earning approximately $200.00 per month. Additionally, Debtor has received annual tax refunds in excess of $1,000.00. Debtor and her son are both in good physical health, and Debtor receives health insurance as a fringe benefit of her employment. Aside from mortgage, taxes, insurance, and utilities, Debtor has normal monthly expenses. Her only outstanding indebtedness is a debt consolidation loan to Pittsburgh National Bank, with a present outstanding balance of $3,000.00, upon which she makes monthly payments of $155.00. Upon examination, Debtor testified that she has reaffirmed said debt and continues to make said payments, primarily because her parents were co-signers on said loan; Debtor is aware that the discharge of said debt as to her would leave them remaining liable for the debt.

This Court has been called upon numerous times to analyze the factors involved in determining "undue hardship" under § 523(a)(8)(B). In those cases we have stated that the clear language chosen by the drafters of the Code indicates that the type of hardship involved in this particular circumstance must be uniquely significant, and not merely a general difficulty, for it is presumed that all debtors in bankruptcy are beset with general financial difficulties. *See, In re Lisanti,* 77 B.R. 27 (Bankr.W.D. Pa.1987); *Matter of Marion,* 61 B.R. 815 (Bankr.W.D.Pa.1986). Furthermore, it is the policy of this Court to examine all of the various circumstances presented by the parties for consideration in making a determination. *See, Matter of Craig,* 64 B.R. 854 (Bankr.W.D.Pa.1986); *In re Motor,* 64 B.R. 317 (Bankr.W.D.Pa.1986); *Matter of Maiolini,* 61 B.R. 590 (Bankr.W.D.Pa. 1986).

■ This Court has often implemented a checklist of items to be considered in determining whether the payment of the student loan would in fact cause the debtor to suffer undue hardship. Those items can be outlined as follows:

(1) the debtor's rate of pay;

**1.** Debtor originally raised § 523(a)(8)(A) and (B), but withdrew the claim under subparagraph (A) at time of trial.

(2) the debtor's skills;

(3) the debtor's ability to obtain and retain employment;

(4) the debtor's level of education;

(5) the debtor's health; and

(6) the debtor's expenses.

As stated previously, Debtor's rate of pay is $13,722.00 per year, and has increased by over $1,000.00 each year for the last three (3) years. Debtor is approximately one (1) semester away from obtaining a Bachelor's Degree in Business Management, does have an Associate's Degree, and has been employed for the last 2½ years as an accounting clerk, apparently making good use of her education. Debtor's health is good and her expenses are reasonable.

■ In analyzing whether the repayment will cause undue hardship, this Court also recognizes that these educational loans are generally repaid over a long term, usually ten (10) years. Therefore, Debtor must not only prove that repayment would be a great burden at the time of the bankruptcy, but must also show that her circumstances will not foreseeably change for the better over the next 10 years. *See In re Lisanti, supra; In re Carter,* 77 B.R. 25 (Bankr.W. D.Pa.1987); *Matter of Craig, supra; Matter of Marion, supra.*

■ Based on the testimony provided to the Court, it is clear that over the next 10 years Debtor can be expected to see a positive change in circumstances. Initially we note that Debtor's income has increased on a regular basis each year. Her son, who is presently 15, will, over the next 10 years, undoubtedly cease to be a dependent; in fact, based upon the testimony provided to the Court, it appears that Debtor's son is very bright and is presently being groomed through a program for underprivileged, gifted children, so that he might also be able to attend college. Additionally, the loan which Debtor now has with Pittsburgh National Bank, described *supra,* will be paid in full within 2½ years, giving Debtor a substantial additional sum which could then be targeted for PHEAA. Furthermore, it is this Court's experience

that PHEAA is willing to be very accommodating in providing for minimal monthly payments over short terms, with an eye toward more reasonable payments at a future time period, and would likely be inclined to do so in the instant case.

■ While the Court is mindful that Debtor's present expenses provide for a very tight budget, this is certainly not a hopeless situation, and Debtor's future outlook is far from bleak. The Court is also cognizant of the fact that Debtor has chosen to reaffirm a debt upon which her parents are co-signers, to avoid their being saddled with these payments. While the Debtor may have felt a moral obligation to reaffirm this debt, she cannot do so while still claiming an inability to pay PHEAA. *See, In re Kobulnicky,* 64 B.R. 315 (Bankr. W.D.Pa.1986).

As we have stated several times in the past:

> PHEAA exists in order to provide worthy individuals with an opportunity to obtain an education which they would otherwise be unable to afford. The idea behind such assistance is to offer the individual a higher standard of living than he/she would be able to obtain without it. If those individuals so assisted do not make remuneration for this service, the funds may not be available to another individual who is equally in need of such assistance. The system is self-perpetuating. If it is made too easy to discharge this obligation, the fund will eventually cease to benefit those who need it most.

*See, In re Lisanti, supra; Matter of Marion, supra.*

This quotation is all the more compelling in the present case. This same fund, which Debtor now seeks to discharge as a debt in bankruptcy, will likely be called upon by Debtor to assist in the financing of her son's college education. If she and others are too easily able to claim undue hardship, her son, and others like him, will be the party to bear the consequences, i.e. a worthy individual, deprived of an opportunity to obtain an education, because he is un-

able to personally afford same, and for which assistance is unavailable.

Apparently, Debtor is of the opinion that the position she now enjoys would not have been available to her without the educational training she received. To reap the benefits of that education without shouldering the responsibility for its payment, even if it be in some limited capacity, is not acceptable to this Court, unless there exists a uniquely, devastating hardship. Same is not present in this case.