In re Mark David BURTON, Debtor.

Mark David BURTON, Plaintiff,

v.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Defendant.

Bankruptcy No. 89–1958.
Adv. No. 89–0392.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 15, 1990.

Donald R. Calaiaro, Calaiaro & Corbett, Pittsburgh, Pa., for plaintiff/debtor.

K. Kevin Murphy, PHEAA, Harrisburg, Pa.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is a *Complaint To Determine Dischargeability of A Student Loan* pursuant to 11 U.S.C. § 523(a)(8)(B) brought by Debtor Mark David Burton ("Debtor").

Debtor contends that excepting the debt he owes to Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") from discharge will impose an undue hardship upon him.

Based upon the evidence presented and the applicable law, the Court finds that the debt in question is not dischargeable.

## FACTS

Debtor received student loans guaranteed by PHEAA during the course of his education.

In 1975, Debtor attended Pittsburgh Art Institute. Sometime thereafter, he transferred to Ivy School of Art. In 1980, Debtor transferred to Slippery Rock State University. In 1981 or 1982, Debtor transferred to Indiana University of Pennsylvania in order to obtain a teaching certificate. Debtor discontinued his education in 1983. He never received a degree or a teaching certificate and has had an ongoing dispute with Indiana University of Pennsylvania, the details of which are neither clear nor relevant.

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 26, 1989.

Debtor is thirty-three (33) years old and has no dependents. He presently is on public assistance and receives a cash disbursement, as well as food stamps every month. His total monthly expenses presently exceed his monthly income. Debtor also receives financial assistance from his elderly mother which enables him to meet his monthly expenses.

Debtor does not hold a steady job and has worked only sporadically since 1983. He has delivered sandwiches, done laundry, done yard work, and has been an entertainer.

The total amount presently due and owing on Debtor's school loan is approximately $15,000.00.

## ANALYSIS

Debtor seeks to have the indebtedness arising out of his student loans held dischargeable under the exception set forth at

11 U.S.C. § 523(a)(8)(B), which provides in pertinent part that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> \* \* \* \* \* \*
>
> (8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless—
>
> \* \* \* \* \* \*
>
> (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

■ When it is the debtor bringing a complaint to determine dischargeability under the "undue hardship" exception, the burden of proof is split between the parties as to issues. *Matter of Coleman*, 98 B.R. 443, 446 (Bankr.S.D.Ind.1989).

The creditor has the initial burden of proving the existence of the debt; that it is owed to or insured or guaranteed by a governmental agency or non-profit institution of higher education; and that it first became due less than five (5) years prior to the date the bankruptcy petition was filed. *Matter of Coleman*, 98 B.R. at 447 (*citing In re Norman*, 25 B.R. 545, 548 (Bankr.S.D.Cal.1982)).

The burden of proof as to "undue hardship" is on the debtor. *Binder v. U.S. Dept. of Education*, 54 B.R. 736, 739 (Bankr.D.N.D.1985). This is so because a claim of undue hardship is in the nature of an affirmative defense or an exception to the exception of such a debt from discharge. *Matter of Coleman*, 98 B.R. at 447.

Debtor in this case does not dispute that he owes a debt which was guaranteed by a governmental agency and which became due less than five (5) years prior to the date on which he filed his Chapter 7 petition. Consequently, the burden is upon Debtor to prove "undue hardship" if he is to prevail in this action.

■ "Undue hardship" is not defined in the Code. It is a term of art to be interpreted in the discretion and judgment of the court. Whether undue hardship would occur is a question of fact which is to be determined on the basis of the particular circumstances of each case. *Andrews v. South Dakota Student Loan Assistance Corp. (In re Andrews)*, 661 F.2d 702, 704 (8th Cir.1981).

■ The fact that a debtor's budget may be tight for the foreseeable future is the norm rather than the exception where one files for bankruptcy. *U. S. v. Collier (In re Collier)*, 8 B.R. 909, 911 (Bankr.S.D. Ohio 1982). Undue hardship is not established by proof that repayment of a student loan would merely bring about "unpleasantness" or "garden variety hardship". *Lezer v. New York State Higher Education Services Corp. (In re Lezer)*, 21 B.R. 783, 787 (Bankr.N.D.N.Y.1982). More than present inability to repay is required to establish undue hardship. *Abrams v. Univ. of Nebraska at Lincoln (In re Abrams)*, 19 B.R. 64, 66 (Bankr.D.Neb. 1982).

Several courts have adopted a tripartite test for determining whether a debt is dischargeable due to undue hardship. The test, first set forth in *In re Johnson*, 5 BCD 532 (Bankr.E.D.Pa.1979), sets forth a sequential procedure for analyzing the facts of a given case. *In re Erickson*, 52 B.R. 154, 157 (Bankr.D.N.D.1985) (citations omitted).

The tests may be termed, in order, the mechanical test, the good faith test, and the policy test.

The mechanical test, in essence, requires a debtor to show that his financial resources in the foreseeable future will not be sufficient to enable that debtor to support himself and his dependents (if any) at a subsistence level while the debtor repays the debt obligation. *In re Erickson*, 52 B.R. at 157. The court is required, at this stage of analysis, to consider such factors as debtor's present employment and income, future employment and income potential, educational level and skills, the

marketability of those skills, debtor's health, and debtor's family support responsibilities. *In re Johnson,* 5 BCD at 537–540.

Educational loans usually are repaid over a relatively long period of time, typically ten (10) years. Consequently, a debtor generally must show that his financial situation will not foreseeably improve over the next ten (10) years or so. *In re Bey,* 95 B.R. 376, 378 (Bankr.W.D.Pa.1989).

If· the debtor fails to make the showing required under the mechanical test, discharge of the debt in question must be denied. If, however, debtor does make such a showing, the court then must proceed to the second stage of analysis. *In re Johnson,* 5 BCD at 544.

The second stage of analysis is reached if and only if the debtor has met their burden of proof with respect to the so-called "mechanical" test. Assuming that repayment of the loan would result in the requisite "undue hardship", discharge still must not be granted unless the debtor has made a "good faith attempt" to repay the loan. *In re Johnson,* 5 BCD at 540. A court must, when considering this matter, determine:

(1) whether the debtor has made a bona fide attempt to find a good-paying job;

(2) whether the debtor has made a true effort to maximize his financial resources; and

(3) whether the debtor has been careful to minimize expenses.

*In re Johnson,* 5 BCD at 541.

The third and final phase of analysis is the so-called "policy" test, which requires the court to ascertain whether debtor's attempt to discharge the loan constitutes the sort of abuse which § 523(a)(8)(B) was enacted to prevent. *In re Johnson,* 5 BCD at 542. This analysis requires the court to infer debtor's motivation in filing the bankruptcy petition. Debtor's motivation may be ascertained by determining the benefit debtor derived from the loans by gauging what percentage of the total indebtedness they represent. *In re Albert,* 25 B.R. 98, 101 (Bankr.N.D.Ohio 1982). This final phase need be considered by the court only

if the debtor has met their burden of proof under the so-called "mechanical" test. *See In re Erickson,* 52 B.R. at 157.

■ Debtor has failed to meet his required burden of proof. In particular, Debtor has failed to satisfy the "mechanical" test set forth above. He has failed to show, by a preponderance of the. credible evidence, that his financial resources will be insufficient in the foreseeable future to enable him to support himself at a subsistence level while repaying his student loans.

Debtor presently is unemployed. However, his education and skills are such that Debtor reasonably can be expected in the foreseeable future to repay his student loans while living above the subsistence level. Debtor appears to be a talented artist with marketable skills. In addition, he has completed at least four (4) years of college and is obviously intelligent. Debtor unquestionably has the skills and training sufficient to enable him to find decent employment.

It should also be noted that Debtor is unmarried and has no family support obligations. He is required to support only himself and is not burdened with the responsibility of supporting others.

Also, Debtor has not shown that his health will prevent him from finding and retaining gainful employment in the foreseeable future. Debtor alleges that his health is poor and that his mental and physical conditions make it impossible for him to be gainfully·employed. Specifically, Debtor claims that he suffers from Epstein–Barr Syndrome; that he has a severe bowel disorder which incapacitates him for approximately twenty (20) minutes of every hour; and that he is unable to concentrate due to depression.

No admissible evidence was presented that Debtor suffers from Epstein–Barr Syndrome. The only medical evidence that he does offer is contained in an uncorroborated letter authored by a person holding herself out as a licensed medical doctor and which is clearly inadmissible hearsay. Debtor merely offered· a letter purportedly signed by Dr. Sarver and did not call Dr.

Sarver to testify in person or by deposition as to Debtor's medical condition. Moreover, even if he does in fact suffer from this malady, Debtor has failed to show what the long-term deleterious effects of the disease are; that he can be expected to suffer those effects during the next ten (10) years or so; or, that this condition will prevent him from being gainfully employed during that time.

As for his alleged bowel disorder and inability to concentrate, the Court noticed that prior to and during the hearing that Debtor was able to remain in the courtroom for considerably longer than an hour without having to excuse himself. During said time frame, Debtor was alert and able to respond cogently while testifying.

In summary, it is clear to the Court that Debtor is a bright and articulate young man with potential well beyond his stated position. Debtor's difficulties appear to be self-inflicted. Certainly, if he immerses himself in his limitless future, as opposed to self-deprecation and/or sympathy, he can achieve substantial results. Debtor's future decades need not be bleak if he chooses advancement. Clearly that choice is his.

Debtor has failed to meet his burden of proof with respect to the "mechanical" test for determining undue hardship. As a result, he is not entitled to a discharge with respect to his student loans. Further analysis is not required. *In re Johnson*, 5 BCD at 544.

An appropriate Order will be issued.