In the Matter of Danny Ray
SINGLETON, Betty Ann
Singleton, Debtors.

Danny Ray SINGLETON, Betty
Ann Singleton, Plaintiffs,

v.

CHASE MANHATTAN BANK, N.A., Stafford, Southeastern Bank, Texas Guaranteed Student Loan Corporation, and Suntech, Incorporated, Defendants.

Bankruptcy No. 93–80158.
Adv. No. 93–80159.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Oct. 11, 1994.

J. Wilson Mitchell, Coleback, Yates & Mitchell, Florence, AL, for the Singletons.

Jon R. Sedlak, Coleman & Sedlak, Decatur, AL, for Texas Guaranteed Student Loan Corp.

Shirley B. Roberson, Asst. Atty. Gen. for State of Ala., Montgomery, AL, for Alabama Guaranteed Student Loan Program.

### ORDER

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on a complaint filed by the plaintiffs, Danny Ray Singleton and Betty Ann Singleton, seeking the Court to determine that certain student loans are dischargeable pursuant to 11 U.S.C. § 523(a)(8)(B). The trial in this matter was held on the 15th day of September, 1994.

From the evidence presented, the Court makes the following findings of fact. The plaintiffs filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on January 26, 1993. The plaintiffs listed the student loans on their schedules. The plaintiffs were discharged on May 13, 1993, and the bankruptcy proceeding was closed on May 14, 1994.

Subsequently, defendants Texas Guaranteed Student Loan Corporation, as holder of the two notes, and Alabama Guaranteed Student Loan Program, as holder of one note, attempted to collect on the loans. The plaintiffs reopened their Chapter 7 petition and filed this adversary proceeding seeking a hardship discharge of the student loans. 11 U.S.C. § 523(a)(8)(B).

Section 523(a)(8)(B) of the Bankruptcy Code allows the discharge of a student loan if the repayment of said loan imposes an undue hardship on the debtor and the debtor's dependents. The words "undue hardship", in the bankruptcy provision, are not defined by the Code, but are words of art and are left to the discretion and judgment of the court. *In re Courtney*, 79 B.R. 1004 (Bkrtcy.N.D.Ind.1987). Undue hardship, sufficient to warrant discharge of a student loan, is not simply financial burden. The Court must find that the debtor's income is inadequate to both maintain a minimum standard of living and allow repayment of the educational loan. *In re Lisanti*, 77 B.R. 27 (Bkrtcy.W.D.Pa.1987). Factors a court may consider include (1) the debtor's rate of pay, (2) the debtor's job skills, (3) ability to obtain and retain employment, (4) level of education, (5) health, and (6) expenses. *In re Binder*, 54 B.R. 736 (Bkrtcy.N.D.1985).

The evidence shows that the plaintiffs have no children to support. Mr. Singleton is employed with the City of Florence earning $610.00 gross each two weeks. He also works part-time at Turtle Point yacht club earning approximately $60.00 gross each two weeks. Mrs. Singleton has a seasonal job with H & R Block during the tax season. She is also taking additional courses offered by her employer to increase her marketability while trying to obtain full employment.

Mr. Singleton testified that he has no medical problems except high cholesterol, but it does not affect his job performance. Mrs. Singleton testified that she suffers from Carpel Tunnel Syndrome and received a $6,200.00 workman's compensation award in July, 1993. Mrs. Singleton stated that her medical condition prevents her from doing long repetitive work. She is able to do receptionist and secretarial work and admitted that she could do other jobs such as sitting with a child or elder person.

The evidence also shows that Mr. Singleton has $105.00 withheld from his pay each two weeks to pay a debt owed to the credit union. The debt is, which is for repairs to his automobile, is unsecured and dischargeable in bankruptcy. However, the plaintiffs voluntarily chose to pay this debt in order to maintain their "good credit" with said credit union. This debt of $210.00 a month will be paid in full in few months. The plaintiffs will have this additional income in the future.

The workman's compensation award of $6,200.00 was used by the plaintiffs to pay other debts intentionally left off their Chapter 7 petition. These debts may have been dischargeable in bankruptcy which would have allowed the plaintiffs to use some or all of the $6,200.00 award to pay the student loans.

The evidence shows that the plaintiffs discharged a large credit card debt and had two secured liens on household goods avoided through their Chapter 7 proceeding. The plaintiffs' financial condition is slowly improving.

After consideration of the evidence, the Court finds that the debtors are presently suffering from financial difficulties. However, their financial position is going to improve in the near future. The debt to the credit union will be paid in January, 1995, giving them an addition $210.00 per month, which will more than pay the total monthly obligation of $105.00 for the three student loans. The wife will become employed on a full-time basis, which will also increase the family income.

It is the opinion of this Court that the plaintiffs can repay the student loans without it being an "undue hardship" and still maintain a decent standard of living. The student loans are not dischargeable pursuant to 11 U.S.C. § 523(a)(8)(B).