**In the Matter of Meridel Leone ABRAMS, Debtor.**

**Meridel Leone ABRAMS, Plaintiff,**

v.

**UNIVERSITY OF NEBRASKA AT LINCOLN, A Nebraska Institution, Defendant,**

**and**

**United States of America, Defendant.**

**Bankruptcy No. BK80–731.**
**Adv. No. A80–484.**

United States Bankruptcy Court, D. Nebraska.

April 14, 1982.

Dennis D. Burchard, Lincoln, Neb., for plaintiff.

James A. Cada, Lincoln, Neb., for University of Nebraska.

Sally R. Johnson, Asst. U. S. Atty., Lincoln, Neb., for the U. S.

### MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

In this complaint to determine the dischargeability of a student loan pursuant to § 523(a)(8) of the Bankruptcy Code, the parties have stipulated the following facts. Between September 1969 and April 1975, Ms. Abrams, the debtor, was a full-time student at the University of Nebraska at Lincoln, attempting unsuccessfully to obtain either a degree or state teaching cre-

dentials. Subsequently, between July 1975 and December 1976, she attended full time the Lincoln School of Commerce where she studied computer programming. In order to finance this education, the debtor executed three notes to Shickley State Bank in the amounts of $838.00, $838.00, and $2500.00 respectively for a total indebtedness of $4,176. In 1977, for valuable consideration, Ms. Abrams executed an installment note for that amount which the United States currently holds in addition to the three prior notes. It has been agreed that the total due and owing on these obligations as of April 10, 1980, the petition date, was $4,943.09 plus interest accruing at the rate of 8% per annum. Additionally, in 1979, the debtor executed a Direct Student Loan note in the amount of $2,048.93 bearing an interest rate of 3% per annum.

The debtor's complaint alleges that the student loan debts are dischargeable in bankruptcy under § 523(a)(8)(A) and (B) as the debts are more than five years old as of the date of the petition and that excepting such debts from discharge would impose an undue hardship on the debtor and the debtor's dependents.

Clearly the statutory language of § 523(a)(8), referring to educational loans "made, insured or guaranteed by a governmental unit," contemplates loans of the type Ms. Abrams has incurred. As such, the educational loans will be nondischargeable under the Code unless those debts can be brought within the provisions of subparagraph (A) or (B).

Section 523(a)(8)(A) operates to discharge a student loan obligation if the ". . . loan first became due before five years before the date of filing the petition." As the parties have stipulated that these debts first were incurred in 1977, the debtor cannot fall within that provision.

Section 523(a)(8)(B) is the hardship provision that allows the Court to discharge such debts if payment of the student loans would impose an undue hardship on the debtor and the debtor's dependents. Because the term "undue hardship" is nowhere defined in the Code, and indeed, an inflexible dictionary definition of this term of art would defeat the policies behind the section, a determination of exactly what constitutes undue hardship for a debtor must be made on a case-by-case basis. See *In re Johnson*, 5 B.C.D. 532 (E.D.Pa.1979); "Report of the Commission on the Bankruptcy Laws of the United States" at H.R.No.93–137, 93d Cong. (1st Sess.) 1973.

From the facts adduced at the trial, as of the date of hearing, September 14, 1981, the debtor was not employed. She last worked full time October 30, 1980, at the Lincoln Liberty Life Insurance Company earning approximately $700 per month and voluntarily terminated her employment on that date. She was employed part time at Joe Christenson Printers until November 30, 1980, where she earned approximately $3.95 per hour. Ms. Abrams is currently living with her parents in Nelson, Nebraska, is paying no rent and has no dependents. In her efforts to obtain employment, testimony reveals that the debtor has not reapplied with any of her former employers in Lincoln and is unable to find any opportunity for employment in Nelson, Nebraska. Attempt was made to obtain employment in Texas, but because a prospective employer required transcripts which the University of Nebraska failed to provide, the debtor's effort was unsuccessful. After this experience, she has not applied for any other jobs in the Texas area. Ms. Abrams further admits that even though she had been employed previously as a paralegal, she has sought employment only as a computer programmer because that is the career area she is interested in pursuing. While such employment would be optimal for the debtor, I find that other job opportunities are available in other fields and cannot find as the debtor urges, that the University of Nebraska and subsequent education has failed to prepare Ms. Abrams for employment after her university experience.

It is not sufficient that an employable bankrupt be not at the time of suit employed in the area for which he was trained as a result of the loans now sought to be eliminated. So long as he

can be employed in whatever area of endeavor, the bankrupt will not be heard to complain if the rewards of such position are less than he had hoped for while studying.

*In re Kohn*, 5 B.C.D. 419 (S.D.N.Y.1979).

 In furtherance of her argument that payment of these debts constitutes undue hardship, and in addition to her current unemployment, the debtor points to her present financial position. When in Lincoln in 1976, she was able to make payments on her student loans for approximately five months at a rate of $48.52 per month. She was unable even at that time to make the $135 per month payments required by H.E.W. Her testimony reveals that in her opinion there is no foreseeable possibility of change in her current employment status; at this time, she is unable to pay even $48.52 per month. This fact alone, however, is insufficient to justify a hardship discharge. Section 523(a)(8)(B) requires that extraordinary circumstances exist before discharge is permitted. Undue hardship must be based on more than a present inability to pay. *In re White*, 6 B.R. 26 (Bkrtcy.S.D.N.Y.1980); *In re Briscoe*, 16 B.R. 128 (Bkrtcy.S.D.N.Y.1981).

> Congress meant the extinguishment of student loans to be an available remedy to those severely disadvantaged economically as a result of unique factors which are so much a part of the bankrupt's life, present and in the foreseeable future, that the expectation of repayment is virtually non-existent unless by the effort the bankrupt strips himself of all that makes life worth living.

*Kohn,* at 424.

In my view, Ms. Abrams cannot meet this test. The only debts remaining to this debtor are her reaffirmed car loan payments of $190 per month, which her father is currently paying, and the student loans. I cannot find, even given Ms. Abrams' current lack of employment, that it would be undue hardship for the debtor to repay her student loans. A debtor who has no obligations other than a monthly car payment and who is paying neither rent nor supporting any dependents cannot be discharged from payment of federally insured student loans simply by virtue of her inability to find employment in her field of choice. This debtor is employable but has chosen to ignore opportunities readily available to her. Accordingly, I decline to grant Ms. Abrams a hardship discharge under § 523(a)(8) and find her student loans to be nondischargeable in bankruptcy.