In re Bettye Jane REID, Debtor.

Bettye Jane REID, Plaintiff,

v.

FIRST TENNESSEE BANK AND TENNESSEE STUDENT ASSISTANCE CORPORATION, Defendant.

Bankruptcy No. 3–83–01419.

Adv. No. 3–83–0938.

United States Bankruptcy Court, E.D. Tennessee.

April 13, 1984.

William M. Leech, Jr., Atty. Gen. and Reporter Dianne Stamey, Asst. Atty. Gen., Nashville, Tenn., for defendant Tennessee Student Assistance Corp.

Stanley C. Briggs, Knoxville, Tenn., for plaintiff.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

The questions presented are (1) whether the exception to discharge set forth in 11

U.S.C.A. § 523(a)(8)[1] applies to the educational loan obtained by the plaintiff through the PLUS loan program, and (2) whether the repayment of this educational loan would impose an undue hardship on the plaintiff.

After consideration of the exhibits, testimony, briefs of the parties and the applicable authority, the Court concludes that this loan falls within the stated intent of 11 U.S.C.A. § 523(a)(8) and that repayment thereof would not constitute an undue hardship on the plaintiff. Therefore, the loan is not a dischargeable debt under plaintiff's Chapter 7 bankruptcy.

## FINDINGS OF FACT

(1) On September 8, 1983, the plaintiff filed a Chapter 7 bankruptcy petition in this Court. Scheduled in her petition is a debt owing to the First Tennessee Bank of Knoxville, Tennessee. It is stipulated that the Tennessee Student Assistance Corporation is successor in interest to the First Tennessee Bank.

(2) The amount of the debt was three thousand dollars ($3,000.00) for an educational loan. The plaintiff obtained the loan through the PLUS program for the benefit of her student daughter. The plaintiff was the maker of the loan and her student daughter, Chloe, was the co-maker. The loan was guaranteed by the Tennessee Student Assistance Corporation and the proceeds were only to be used for educational purposes for Chloe.

(3) The loan was obtained on January 18, 1983, and the first payment became due on March 1, 1983. The plaintiff made three (3) payments and currently owes three thousand one hundred ten dollars and ninety-three cents ($3,110.93) plus interest to date.

(4) The plaintiff has two (2) daughters who are both in college and reside with the plaintiff.

(5) The plaintiff is employed by the University of Tennessee as a senior recorder and has worked for the University of Tennessee for approximately twelve (12) years.

(6) The plaintiff has a gross pay of approximately $11,000.00 per year. She has a take-home pay of six hundred eighty-five dollars ($685.00) per month and receives one hundred dollars ($100.00) per month from her ex-husband.

(7) The plaintiff has monthly expenses of eight hundred fourteen dollars ($814.00) including a twenty dollar ($20.00) payment to Sears, a fifty dollar ($50.00) payment to First American Bank, and a twenty-five dollar ($25.00) payment to Valley Bank which represent settlements of adversary proceedings connected with the plaintiff's Chapter 7 bankruptcy.

(8) The plaintiff also has a monthly deduction directly from her paycheck of sixty dollars ($60.00) which represents a loan from the University of Tennessee Credit Union. The credit union loan was not listed on the plaintiff's Chapter 7 Bankruptcy petition.

## CONCLUSIONS OF LAW

The PLUS program through which the plaintiff obtained this educational loan makes loans available to parents of dependent undergraduate students. The proceeds must only be used for the student's educational costs. Tennessee Student Assistance Corporation Rules Chapter 1640-1-7.01; 34 C.F.R. § 683.

The PLUS loans are authorized by Title 4, Part B, Higher Education Act of 1965, as amended. The legislative intent in enact-

---

1.　(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

．　．　．　．　．

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a non-profit institution of higher education, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;....

ing the PLUS program was to encourage parents to bear their expected share of the student's educational costs rather than the student having to bear this burden through student borrowing. 1980 U.S.Code Cong. & Admin.News, p. 3141.

The loan obtained by the plaintiff is an educational loan made, insured, or guaranteed by a governmental unit within the provisions of 11 U.S.C. § 523(a)(8). As the plaintiff is the maker of this loan, the holding of *In re Boylen*, 29 B.R. 924 (Bkrtcy. 1983), is not applicable.

Under 11 U.S.C. § 523(a)(8), a debtor must prove that repayment of the educational loan would impose an undue hardship. Although the statute does not contain a definition of "undue hardship", the courts have generally agreed that the debtor has the strict burden of proving that payment of these loans would constitute more than a mere hardship or financial adversity. *In re Albert*, 25 B.R. 98 (Bkrtcy.N.D.Ohio 1982); *U.S. v. Brown*, 18 B.R. 219 (Bkrtcy.D.Kan.1982) (undue hardship contemplates unique and extraordinary circumstances); *In re Adams*, 19 B.R. 64 (Bkrtcy.D.Neb.1982) (more than a present inability to pay); *In re Briscoe*, 16 B.R. 128 (Bkrtcy.S.D.N.Y.1981) (certainty of hopelessness).

The plaintiff has not demonstrated that repayment of this loan would constitute an undue hardship. The plaintiff is employed and has retained this same job for approximately twelve (12) years. Further, the plaintiff has not shown a good faith effort to repay the loan. The plaintiff failed to list a debt on her bankruptcy petition whose discharge would have allowed her to repay the educational loan.

The debt to the Tennessee Student Assistance Corporation is a nondischargeable debt under the plaintiff's Chapter 7 bankruptcy petition. Judgment will be entered in the sum of $3,110.93 plus interest.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 7052.