In re Dorothy A. MEDEIROS, Debtor.

Dorothy A. MEDEIROS, Plaintiff,

v.

FLORIDA DEPARTMENT OF EDUCATION, Defendant.

Bankruptcy No. 87–5131–BKC–9P7. Adv. No. 87–467.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 17, 1988.

Roger Waltemyer, Fort Myers, Fla.; for plaintiff.

Carolyn S. Holifield, Tallahassee, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for final evidentiary hearing with notice to all parties in interest upon a Complaint filed by Dorothy Medeiros (Debtor) to determine the dischargeability of a student loan pursuant to § 523(a)(8)(B) of the Bankruptcy Code. The Court has considered the pleadings, together with the evidence presented at the final hearing on this matter and finds the facts relevant to a determination of the matter under consideration to be as follows:

It is without dispute that the Debtor borrowed $5,000 from the Florida Department of Education (Defendant) pursuant to a State student loan program sometime in early 1980. On the date the Complaint was filed, the total principal and interest owed to the Defendant was $5,661.72. The Debtor graduated from the University of South Florida in Sarasota in 1985. The repayment of the loan was scheduled to begin in October of 1985 with payments of $63.85 per month. It is further undisputed that the only payment the Debtor has attempted to make was a $25 payment one year after the loan became due which was returned and not accepted by the Defendant. Further, the Debtor never contacted the Defendant's office to request a deferment due to any hardship or inability to pay.

The Debtor is single and is presently employed as a correctional probation officer at a gross annual salary of $17,000. The Debtor's net income is $1,128 per month. It further appears that the Debtor has suffered from some emotional problems due to financial stress which resulted in an attempted suicide and subsequent counseling which the Debtor has terminated due to financial strain.

According to the budget submitted by the Debtor, her monthly expenses are as follows:

| | |
|---|---|
| Rent | $375.00 |
| Car | 195.90 |
| Telephone | 20.00 |
| Electricity | 60.00 |
| Insurance | 34.00 |
| Food | 180.00 |
| Gas | 60.00 |
| Prescription drugs | 12.00 |
| Laundry | 10.00 |
| Post office box | 2.00 |
| Toiletries | 15.00 |
| Cat | $ 15.00 |
| Total Monthly Expenses | $978.00 |

In addition, it appears that the Debtor owes approximately $150.00 in taxes for 1987, is in need of glasses which will cost $114.00, and must have ear and mouth surgery, the cost of which will make her monthly expenses higher than her monthly net income.

Based on the foregoing, it is the contention of the Debtor that repayment of the loan would result in severe hardship to the Debtor and therefore the amount owed to the Defendant should be declared dischargeable pursuant to § 523(a)(8)(B) of the Bankruptcy Code which provided as follows:

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless—

(B) excepting such debt from discharge under this paragraph will impose an un-

due hardship on the debtor and the debtor's dependents.

It is now well established that exceptions to discharge are strictly construed in favor of the Debtor. *In re Hunter*, 780 F.2d 1577 (11th Cir.1986); *In re Linn*, 38 B.R. 762 (9th Cir. B.A.P. 1984).

■■■ Clearly, under § 523(a)(8)(B) of the Bankruptcy Code, a Debtor's showing of hardship in repayment of a student loan is insufficient to declare the loan dischargeable; showing of "undue hardship" is essential to a determination that the debt is dischargeable. *In re Keenan*, 53 B.R. 913 (Bkr.Conn.1985). Further, the basis of undue hardship must be long-term in order for the court to find dischargeability of a student loan. *In re Bowen*, 37 B.R. 171 (Bkr.Fla.1984). To prove undue hardship, the Debtor must show that his financial resources will allow him to live only at a poverty level standard for the forseeable future if he is obligated to repay the student loan and that he is attempting to minimize living expenses and maximize his financial resources. *In re Frech*, 62 B.R. 235 (Bkr.D.Minn.1986). Further, the Court must consider whether the Debtor's income in relation to expenses reflects a residual ability to repay the loan. *In the Matter of Osborn*, 72 B.R. 691 (Bkr.WD Mo.1987).

■ While at present the Debtor has medical and tax liabilities which make her monthly expenses greater than her monthly income, it appears that her earning potential is good and is far above the poverty level income standard. After these one-time expenses have been paid for, the Debtor should have sufficient income to repay this loan, especially considering that her health, after necessary surgery, is basically good and that any emotional problems should now subside after the Debtor obtains her discharge which should relieve much financial pressure. Based on the facts of this case, this Court is satisfied that repayment of this student loan would not constitute an undue hardship to the Debtor and, therefore, the debt should be determined to be non-dischargeable. However, this Court is satisfied that the Debtor should be granted a one year deferral in order to take care of necessary medical expenses for counseling and ear and mouth surgery before repayment of the loan in the amount of $5,000.00, plus interest as per the loan agreement, begins at the rate of $50 per month.

A separate final judgment will be entered in accordance with the foregoing.