In re Paul Victor STRAUSS, Debtor.

Paul Victor STRAUSS, Plaintiff,

v.

UNITED STATES OF AMERICA (DEPARTMENT OF EDUCATION), and State of Missouri (Coordinating Board for Higher Education) Missouri Guaranteed Student Loan Program, Defendants.

Bankruptcy No. 88–01308–BKC–JJB.
Adv. No. 88–0148–BKC–JJB.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Oct. 20, 1988.

David S. Purcell, St. Louis, Mo., for plaintiff.

Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Mo., for U.S.

MEMORANDUM OPINION

JAMES J. BARTA, Chief Judge.

This matter has been submitted to the Court after a trial of the issues on October 3, 1988. The Plaintiff's complaint requests a determination that separate student loans owed to the United States of America and to the State of Missouri are dischargeable in this Chapter 7 case pursuant to 11 U.S.C.

§ 523(a)(8)(B) because non-dischargeability would impose an undue hardship on the Debtor and his dependents. This Memorandum Opinion is being entered based upon a consideration of the record as a whole. Neither party submitted written memorandum of law.

The Debtor was 30 years old and unemployed at the time of this trial. Pursuant to a decree of dissolution entered on October 18, 1979, the Debtor had been directed to pay child support payments to his former spouse for the couple's one minor child. The Debtor became seriously delinquent in his support payments, and at commencement of this case, had entered into an agreement which provided for a monthly payment of $175.00 which included a payment toward the past due amounts. He testified that his monthly expenses were approximately $665.00, including the support payments. His monthly income from unemployment compensation was in the amount of $140.00 per week.

The Debtor's employment history includes a period of approximately 2 years and 10 months at a labor-intensive job with a window construction company. He left that job voluntarily because he thought he was not getting along well with his boss. He immediately began working with a tree trimming company, but was laid off when the seasonal work declined. He has been looking for work since that time, and stated that he would accept a job which paid five or six dollars an hour.

Under cross-examination by counsel for the United States, the Debtor stated that he has no physical handicaps which would prevent him from obtaining and holding a full-time job. An apparently minor back problem might restrict the amount of lifting he is able to do in any one day. There was no expert testimony on this point, however, even though the Debtor referred to a consultation with a chiropractor. The Debtor is presently enrolled in a fitness program and works out regularly at a center using Nautilus equipment.

Mr. Strauss holds a high school diploma and has attended several college courses at the freshman level. He stated that he does not have any particular job skill other than the experience he has gained from his years of employment. He also stated that he is willing to accept a job if it pays a salary consistent with what he believes to be a fair wage for the type of work involved.

The Debtor's financial problems appear to be related to his admitted chemical dependency. Although no medical records were introduced, and the only testimony was that of the Debtor himself, the evidence was convincing that Mr. Strauss has in the past been moderately involved with drugs and alcohol. He is presently a member of Alcoholics Anonymous and attends regular sessions with a counselor. He stated that his dependency began at about age 13, and that he believes that his actions are a reflection of those of his father. Mr. Strauss is to be commended for the fact that he has been sober for more than twenty (20) months.

There is no doubt that the Debtor's present monthly budget does not provide enough money to pay the agreed upon child support, his otherwise normal living expenses and a regular installment upon the student loans which are the subject of this proceeding. However, it is equally clear from this record that the Debtor's potential for improvement is very high at this time. Therefore, in view of the fact that most of the Debtor's financial obligations will be discharged in this Bankruptcy case, and in view of the absence of physical disabilities, and having considered the Debtor's optimistic demeanor exhibited during this trial, the Court must conclude that the Debtor will make full use of the fresh start provisions of the Bankruptcy Code, and that his income will increase in the future.

Guaranteed student loan obligations are not dischargeable in a bankruptcy case unless the loan first became due before five years before the date of filing of the petition, or if non-dischargeability will impose an undue hardship on the Debtor or the Debtor's dependents. 11 U.S.C. § 523(a)(8). The Debtor has prosecuted this complaint on a theory of undue hardship. It is almost universally accepted that

874

the undue hardship referred to at Section 523(a)(8) contemplates unique and extraordinary circumstances. *Lezer v. New York Higher Education Services Corp.*, 21 B.R. 783, 788 (Bkrtcy, NDNY, 1982); *Draughons Business College v. Garry*, Case No. 80–02762, Adversary No. 81–0064, (Bkrtcy, EDMo.1986).

■ Generally, mere inability to pay is not a sufficient basis to permit dischargeability pursuant to Section 523(a)(8), because financial uncertainty exists to some degree in every Chapter 7 case. See, *In Re Kohn*, 5 BCD 419 (Bkrtcy, SDNY, 1979).

Several courts have determined that unemployment in and of itself is not enough to warrant the discharge of an educational loan. *Matter of Hemmen*, 7 B.R. 63 (Bkrtcy, ND Ala., 1980); *In Re Warren*, 6 B.R. 233 (Bkrtcy, SD Fla., 1980).

In the matter being considered here, the record has not established that Mr. Strauss has any disability which will prevent him from earning an income. His present economic situation is a temporary hardship which will improve through his continued efforts to obtain steady employment. Congress has indicated that in situations such as this, guaranteed student loans are not to be discharged.

Furthermore, it has been the Court's experience that most holders of non-dischargeable student loan claims are very sympathetic to a debtor's particular situation. Frequently, such debts are allowed to be repaid at very low installment amounts. In some cases, lenders have allowed payments to be suspended for short periods of time until a debtor is established in a new location or occupation. These alternatives are worthy of consideration by the Defendants in this case.

By separate order, the Debtor's request to determine that certain student loans are not discharged in this case is denied.

### ORDER

At Saint Louis, in this District, this 20th day of October, 1988.

Upon consideration of the record as a whole, and consistent with the Memorandum Opinion entered in this matter this date,

IT IS ORDERED that this hearing be concluded; and that judgment is entered in favor of the Defendants, United States of America (Department of Education) and State of Missouri (Coordinating Board for Higher Education) Missouri Guaranteed Student Loan Program, upon the Debtor's complaint; and

That the request of Paul Victor Strauss, Plaintiff, to determine that certain student loan obligations owed to these Defendants are discharged in this case is denied; and that such debts are not discharged in this Chapter 7 Bankruptcy case.