**In re Julia Elizabeth Thompson TAYLOR, Debtor.**

**Julia Elizabeth Thompson TAYLOR, Plaintiff,**

**v.**

**TENNESSEE STUDENT ASSISTANCE CORPORATION, Defendant.**

**Bankruptcy No. 3–88–01360.**
**Adv. No. 3–88–0112.**

United States Bankruptcy Court,
E.D. Tennessee.

Jan. 13, 1989.

Watson, Tipton & Jones, A.D. Jones, Jr., Bristol, Tenn., for debtor.

Charles W. Burson, Atty. Gen. and Reporter, Diane Stamey, Stuart F. Patton, Asst. Attys. Gen., Nashville, Tenn., for defendant.

## MEMORANDUM

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The debtor seeks a determination that four educational loans [1] presently totalling $13,774.82, including principal and interest, are dischargeable pursuant to 11 U.S.C.A. § 523(a)(8)(B) (West Supp.1988).[2] The com-

---

1. The pretrial order entered October 26, 1988, provides, inter alia: "the issue to be determined [in this adversary proceeding] is the dischargeability of a student loan[.]" In fact, as evidenced by a proof of claim filed June 13, 1988, the dischargeability of four separate student loans executed between August 10, 1979, and June 28, 1982, is at issue.

2. Bankruptcy Code § 523(a)(8) provides in material part:
    (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
    . . . .

plaint was originally filed against the lender, Hamilton Bank of Upper East Tennessee, however, on October 13, 1988, an order was entered substituting the guarantor of the loans, Tennessee Student Assistance Corporation, as the proper party defendant. It is undisputed that the loans at issue are educational loans which fall within the ambit of Bankruptcy Code § 523(a)(8). This matter was tried before the court on December 13, 1988.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(I) (West Supp.1988).

I

The debtor signed the educational loans in dispute with her husband: she as maker, her former husband as comaker. She received no direct benefits from the loans, the proceeds being utilized exclusively in furtherance of her husband's education. The debtor and her husband divorced on April 8, 1987, after he obtained a master's degree. The debtor's former husband is a certified public accountant. The debtor has "physical custody" of her seven (7) year old daughter.[3] She receives no child support.

The debtor is thirty-four years old. She is a graduate of East Tennessee State University in Johnson City, Tennessee, and is presently employed as a registered nurse by the Veterans Administration. She has been a nurse for ten years. The debtor has no health problems nor has she indicated that her employment will not continue.

During the course of her testimony, the debtor filed an affidavit of income and expenses reflecting a gross monthly income of $2,203.20. After deductions totalling $775.98, her monthly take-home pay amounts to $1,427.22. The debtor's month-

ly expenses are itemized at $2,090.00, a sum exceeding her net take-home pay by $662.78.[4] In addition to rent, food, utilities, automobile insurance and routine medical expenses, the debtor's monthly expenses include $200.00 for clothing, $150.00 for church contributions, $160.00 for child care, $40.00 for school lunches and snacks, $30.00 for books and allowance, $60.00 for meals at work, $100.00 for recreation, $20.00 for cable television, $8.00 for newspapers, $35.00 for gymnastics for her daughter, $25.00 for health club fees, $100.00 for repayment of a loan, and $150.00 for repairs to her 1975 Ford Granada automobile. As is evidenced by monthly payroll deductions from her income, the debtor participates in a retirement plan through her employer; maintains health insurance for herself and her child; participates in a group life insurance plan; and deposits $100.00 per month to a savings account. She has $525.00 in her savings account, although she testified that current bills will require an encroachment on these funds. She further testified she is contemplating remarriage.

The debtor testified she did not seek child support from her former husband at the time of her divorce in April, 1987, but that she is endeavoring to obtain an award of child support at the present time. She further testified she has a $6,500.00 judgment against her former husband which she believes to be uncollectible; that she has made no payments on the educational loans owing defendant; that defendant has not sought payment of the educational loans from her; that to her knowledge, her former husband has made no payments on the loans; and that if she is required to pay

---

(8) for an educational loan made, insured, or guaranteed by a governmental unit, ... unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents[.]

11 U.S.C.A. § 523(a)(8) (West Supp.1988).

**3.** The debtor testified that during the course of the domestic difficulties with her husband, he had custody of their daughter for eight months; that the daughter was in foster care five months; that "social services" presently has legal custody of the daughter; and that she (the debtor) has had "physical custody" of the child during the past fifteen months.

**4.** The debtor's affidavit is incorrect in its computations of net income and total expenses. The figures set forth in this Memorandum reflect the correct computations.

the loans it will impose an undue hardship on her and her minor child.

## II

■ The language of § 523(a)(8) is all inclusive, and the fact that the debtor did not receive the benefits of the loans does not exclude her from its provisions. *The Educational Resources Institute, Inc. v. Selmonosky (Matter of Selmonosky)*, 93 B.R. 785 (Bankr.N.D.Ga.1988); *Barth v. Wisconsin Higher Education Corp. (Matter of Barth)*, 86 B.R. 146 (Bankr.W.D.Wis. 1988). *Contra, Northwestern University Student Loan Office v. Behr (In re Behr)*, 80 B.R. 124 (Bankr.N.D.Iowa 1987) (Exception to discharge for student loans is applicable only to student debtor and not to comaker).

Pursuant to § 523(a)(8)(B), the educational loans are not dischargeable unless excepting the debt from discharge will impose an undue hardship on the debtor or her minor daughter.[5] *Reid v. First Tennessee Bank (In re Reid)*, 39 B.R. 24 (Bankr.E.D.Tenn.1984).

This court, speaking through Judge Clive W. Bare, has previously noted:

> Under 11 U.S.C. § 523(a)(8), a debtor must prove that repayment of the educational loan would impose an undue hardship. Although the statute does not contain a definition of "undue hardship", the courts have generally agreed that the debtor has the strict burden of proving that payment of these loans would constitute more than a mere hardship or financial adversity. *In re Albert*, 25 B.R. 98 (Bkrtcy.N.D.Ohio 1982); *U.S. v. Brown*, 18 B.R. 219 (Bkrtcy.D.Kan.1982) (undue hardship contemplates unique and extraordinary circumstances); *In re Abrams*, 19 B.R. 64 (Bkrtcy.D.Neb.1982) (more than a present inability to pay); *In re Briscoe*, 16 B.R. 128 (Bkrtcy.S.D.N.Y. 1981) (certainty of hopelessness).

*In re Reid*, 39 B.R. at 26.

The "undue hardship" contemplated by § 523(a)(8)(B) envisions "unique and extraordinary circumstances." *Strauss v. United States of America (In re Strauss)*, 91 B.R. 872, 873–74 (Bankr.E.D.Mo.1988); *Lisanti v. Pennsylvania Higher Education Assistance Agency (In re Lisanti)*, 77 B.R. 27 (Bankr.W.D.Pa.1987) (Undue hardship signifies a debtor's income insufficient to maintain a minimum standard of living and permit repayment of the loan, "uniquely difficult circumstances" required). As noted by Chief Bankruptcy Judge Barta: "Generally, mere inability to pay is not a sufficient basis to permit dischargeability pursuant to § 523(a)(8), because financial uncertainty exists to some degree in every Chapter 7 case." *In re Strauss*, 91 B.R. at 874 (citation omitted). Furthermore, the debtor's circumstance must continue for the life of the repayment period. *Lisanti*, 77 B.R. at 28. *See also Medeiros v. Florida Department of Education (In re Medeiros)*, 86 B.R. 284 (Bankr.M.D.Fla.1988) (Undue hardship must be long term).

■ It has not been established that repayment of her student loan obligations will constitute an "undue hardship" on the debtor. She is a college graduate and a registered nurse; she has been steadily employed for ten years; earns in excess of $2,200.00 per month; has no apparent health problems; contemplates remarriage; has a potentially collectible judgment in the amount of $6,500.00 against her former husband, a certified public accountant; and apparently has an income presently sufficient to permit her to contribute to a savings account and to spend $330.00 monthly for church contributions, cable television, and recreation for herself and her daughter.

This debtor's future is exceedingly bright. Excluding the educational loans at issue, the schedules filed with her bankruptcy petition indicate she has discharged in excess of $15,000.00 in unsecured debt. Her professional training and skills as a registered nurse should permit her to earn

---

5. The parties stipulate that the loans became due less than five years before the filing of the debtor's bankruptcy petition, thus § 523(a)(8)(A) has no application.

a comfortable living presumably accompanied by periodic increases in income.

The court sympathizes with and understands the debtor's lack of desire to pay educational loans benefiting a former husband with whom she now has a less than desirable relationship. Nonetheless, the court finds that the financial difficulty engendered, should the defendant seek repayment of the loans from the debtor, does not rise to the level of "undue hardship" contemplated by § 523(a)(8)(B). Therefore, the debtor's obligation to the Tennessee Student Assistance Corporation is nondischargeable. Hopefully, the defendant will endeavor to recover all or a substantial portion of these obligations from Mrs. Taylor's former husband.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.