**In re Christine FORD, Debtor.**

**Christine FORD, Plaintiff,**

v.

**TENNESSEE STUDENT ASSISTANCE CORPORATION, Defendant.**

**Bankruptcy No. 91–05785–GP3–7.
Adv. No. 391–0379–A.**

United States Bankruptcy Court,
M.D. Tennessee.

Feb. 10, 1993.

C. Kinian Cosner, Jr., Nashville, TN, for plaintiff.

William E. Young, Asst. Atty. Gen., Nashville, TN, for defendant.

## MEMORANDUM OPINION

GEORGE C. PAINE, II, Chief Judge.

This matter is before the Court upon the Debtor Christine Ford's petition to grant her a "hardship discharge" of a student loan guaranteed by the Debtor and owed to the Tennessee Student Assistance Corporation ("TSAC") pursuant to 11 U.S.C. § 523(a)(8)(B). The parties entered into a stipulation of certain facts, and a number of exhibits have been filed with the Court. The trial of this matter was held on May 13, 1992. The following represents findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

The Debtor filed a Chapter 7 petition with this Court on June 12, 1991. On her Statement of Affairs and Schedules filed with this Chapter 7 petition, the Debtor listed TSAC as an unsecured creditor in the amount of $4,000.00, and her total unsecured debt as $6,460.58. On July 15, 1991, the Debtor filed a Complaint with this Court to determine the dischargeability of the aforementioned debt owed to TSAC under 11 U.S.C. § 523(a)(8)(B). As stated in the Debtor's Complaint, TSAC's claim "arises as a result of the debtor's guaranty for her daughter's student loan" and "good judgment was taken against the debtor, said judgment styled as follows: *Tennessee Student Assistance Corporation v. Christine Ford,* No. 89–GC–14866 (General Sessions Court for Davidson County, Tennessee)."

TSAC filed an Answer on August 22, 1991, denying that the debt guaranteed by the Debtor to TSAC was dischargeable under 11 U.S.C. § 523(a)(8)(B). On or about March 6, 1991, TSAC filed a proof of claim evidencing the total amount of the student loan debt owed by the Debtor to be $5,303.23 as of the date of the filing of the Debtor's Chapter 7 petition.

The Debtor is currently unemployed, is drawing a disability pension, was unable to pay her filing fee in full and is paying such fee over a four-month period. The Debtor was deemed suitable for the Pro Bono Representation Program of the Nashville Bar Association and therefore was being represented by counsel in this bankruptcy case without charge to the Debtor. The Debtor is in her fifties, and currently lives by herself.

In 1983, the Debtor guaranteed a student loan for her daughter Patricia Ford in order to further her daughter's education. The principal amount of this student loan at that time was $2,500.00. Patricia Ford subsequently attended Tennessee State University in Nashville, Tennessee full time from 1983 through 1984 with her concentration of courses being computer engineering and computer science. Patricia Ford never received a degree from Tennessee State University.

The Debtor completed a Nurse Technician Program at St. Thomas Nursing School in approximately 1972, and obtained a Nurse Technician Certificate. She worked at the hospital full-time while completing this program. For the five years prior to November 30, 1988, the Debtor was employed at the Veterans Administration Medical Center as a Nurse's Assistant. Her duties basically included assisting nurses in routine patient care. In 1988, the Debtor states she injured her back while assisting a patient and thereafter left the employment of Veterans Administration Medical Center on November 30, 1988.

The Debtor has not been employed since November 30, 1988, and at present receives Social Security Disability at the rate of $386.00 per month as well as food stamps. The Debtor is also under the HUD 235 program which assists her with the mortgage payment on her home. The Debtor identified her monthly expenses as $426.50, including $30.00 which she gives to her church.

On or about December 9, 1988, shortly after the Debtor claimed she injured her back during the performance of her job, the Debtor applied to the Tennessee De-

partment of Employment Security for unemployment compensation benefits. The Debtor's application was subsequently denied, and this decision was affirmed by the Tennessee Court of Appeals on the basis that the Debtor was not "able to work, available for work and making a reasonable effort to secure work" at a job that she is reasonably qualified to perform under T.C.A. § 50–7–302(4). In so holding, the Tennessee Court of Appeals found that the Debtor had placed undue restrictions upon her salary requirements and restrictions upon her physical ability to work far greater than her actual medical restrictions. *Ford v. Traughber*, 813 S.W.2d 141, 145 (Tenn.Ct.App.1991). The Court of Appeals concluded as follows:

> The plaintiff [Debtor] was properly denied benefits on the basis that she was not able and available for work. She voluntarily imposed restrictions upon her availability for work. She imposed medical restrictions which were beyond those restrictions set by her doctors, and she also imposed financial restrictions. She voluntarily chose to limit her availability for work.

*Ford v. Traughber*, 813 S.W.2d at 146.

Finally, neither the Debtor nor her daughter has made any effort to make any payments on this student loan. The Debtor last saw her daughter on November 25, 1991 and has no knowledge of where her daughter is currently residing.

■ Based upon these facts, this Court is not persuaded that the Debtor is entitled to a "hardship discharge" of this student loan. Pursuant to 11 U.S.C. § 523(a)(8), a discharge under 11 U.S.C. § 727 does not discharge an individual debtor from any debt for an educational loan made, insured or guaranteed by a governmental unit unless such loan first became due more than seven years (five years prior to May 29, 1991) before the filing of the bankruptcy petition or unless excepting such debt from discharge will impose an undue hardship on the debtor and the debtor's dependents.

Therefore, since the educational loan at issue was guaranteed by a governmental unit and became due less than seven years prior to the filing of the Debtor's Chapter 7 petition, this loan is not dischargeable unless excepting this debt from discharge will impose an undue hardship on the Debtor.[1]

■ The legislative history reveals that Congress adopted a higher standard for discharging debts arising from student loans due to concerns that the bankruptcy rate involving student loans was significantly increasing, and that the resulting rise in the default rate on student loans would jeopardize the student loan program altogether and deplete the funds available for future generations of students. *D'Ettore v. Devry Institute of Technology*, 106 B.R. 715, 719 (Bankr.M.D.Fla.1989). As the Sixth Circuit Court of Appeals recently observed, "unlike commercial transactions where credit is extended based on the debtor's collateral, income, and credit rating, student loans are generally unsecured and based solely upon the belief that the student debtor will have sufficient income to service the debt following graduation." *Andrews University v. Merchant*, 958 F.2d 738, 740 (6th Cir.1992). For this reason, § 523(a)(8) was designed to exclude educational loans from discharge "to remedy an abuse by students who, immediately upon graduation, filed petition for bankruptcy and obtained a discharge of their educational loan." *Andrews University v. Merchant*, 958 F.2d at 740.

■ For these reasons bankruptcy courts have generally applied the § 523(a)(8)(B) undue hardship exception narrowly, with the burden of proving an undue hardship resting upon the debtor. *E.g., Zibura v. Academic Financial Services Association*, 128 B.R. 129, 131–132 (Bankr.W.D.Pa.1991); *D'Ettore v. Devry Institute of Technology*, 106 B.R. at 718; *Reid v. First Tennessee Bank*, 39 B.R. 24, 26 (Bankr.E.D.Tenn.1984). This burden requires the debtor to prove more than mere financial hardship or present financial ad-

---

1. The fact that the Debtor did not directly receive the benefits of this loan does not exclude her from the provisions of 11 U.S.C. § 523(a)(8).

*E.g., Taylor v. Tennessee Student Assistance Corp.*, 95 B.R. 550, 552 (Bankr.E.D.Tenn.1989).

versity. *Taylor v. Tennessee Student Assistance Corp.*, 95 B.R. 550, 552 (Bankr. E.D.Tenn.1989). The debtor must show "unique and extraordinary circumstances" in order to obtain a hardship discharge. *Taylor v. Tennessee Student Assistance Corp.*, 95 B.R. at 552; *Strauss v. United States*, 91 B.R. 872, 873–874 (Bankr. E.D.Mo.1988). The fact that the debtor has a present inability to pay is not a sufficient basis to permit dischargeability since financial uncertainty exists to some degree in every Chapter 7 case. *E.g., Foreman v. Higher Education Assistance Foundation*, 119 B.R. 584, 587 n. 2 (Bankr. S.D.Ohio 1990); *Taylor v. Tennessee Student Assistance Corp.*, 95 B.R. at 552. As one Bankruptcy Court explained, the "fact that a debtor's budget may be tight for the foreseeable future is the norm rather than the exception when one files for bankruptcy". *Zibura v. Academic Financial Services Association*, 128 B.R. at 132. A debtor must prove entitlement to a "hardship discharge" by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ The various decisions addressing this issue have adopted a number of somewhat varying tests in defining what constitutes an "undue hardship", but generally whether repayment of an educational loan will impose an undue hardship on the debtor is controlled by the facts and circumstances of each case. *E.g., Simons v. Higher Education Assistance Foundation*, 119 B.R. 589, 592 (Bankr.S.D.Ohio 1990); *Dyer v. University of Tennessee*, 40 B.R. 872, 873 (Bankr.E.D.Tenn.1984). In analyzing this issue, the United States Bankruptcy Court for the Middle District of Florida recently set forth the following exhaustive list of factors to consider in determining whether or not an undue hardship exists:

(1) Total incapacity now and in the future to pay one's debts for reasons not within the control of the debtor;

(2) Whether the debtor has made a good faith effort to negotiate a deferment or forbearance of payment;

(3) Whether the hardship will be long-term;

(4) Whether the debtor has made payments on the student loan;

(5) Whether there is permanent or long-term disability of the debtor;

(6) The ability of the debtor to obtain gainful employment in the area of study;

(7) Whether the debtor has made a good faith effort to maximize income and minimize expenses;

(8) Whether the dominant purpose of the bankruptcy petition was to discharge the student loans, with discharge being denied if such was the dominant purpose of the bankruptcy petition; and

(9) The ratio of the student loan to the total indebtedness with a larger ratio resulting in denial of discharge.

*D'Ettore v. Devry Institute of Technology*, 106 B.R. at 718.

■ In applying the aforementioned criteria to this case, the Court finds the Debtor has not demonstrated by a preponderance of evidence that repayment of the student loan in question would amount to an undue hardship. The facts weighing against the Debtor's petition in this case are that (1) The Debtor's disability is not a total disability and, from the proof before the Court, represents at most a 50% disability, (2) the Debtor has made no effort to repay this student loan nor any serious effort to convince her daughter to make any payments on the student loan, (3) the Tennessee Court of Appeals on review of the Debtor's unemployment compensation application found as a matter of fact that the Debtor had voluntarily imposed restrictions upon her availability for work, including imposing salary restrictions and medical restrictions which were beyond those restrictions set by her doctors, and the Court of Appeals' findings of fact are binding upon the Debtor in this proceeding absent contrary proof, (4) while the Debtor has a "bare bones budget", the Debtor has made no efforts to maximize her income and thereby obtain funds to make some repayment on this student loan, and (5) the Debtor's bankruptcy petition reveals that the student loan debt represents a substan-

tial part of her total unsecured debt—a fact weighing against granting the Debtor a hardship discharge. The Debtor relies heavily upon her present poor financial position to support her request for a hardship discharge. However, as previously mentioned, the fact that the Debtor suffers present financial adversity is insufficient in and of itself to support a finding of undue hardship, especially when the proof demonstrates the Debtor is not using her best efforts to improve her financial situation. *E.g., Zibura v. Academic Financial Services Association,* 128 B.R. at 133.

In short, the Court finds from a review of the totality of the circumstances that the Debtor has failed to meet her burden to establish an entitlement to a hardship discharge of this student loan. This Court therefore concludes that the debt of TSAC arising from this student loan should be declared nondischargeable, and the Debtor's request for a hardship discharge denied.